THE STATE OF MONTANA, Plaintiff and Respondent, v.
WRAY MERLE EVANS, Defendant and Appellant.

No. 11591.
Decided July 10, 1969.
456 P.2d 842.

Lamb & Snyder, Charles E. Snyder (argued), Derry, Hanser and Derry, Harold F. Hanser (argued), Billings, for appellant.

Robert L. Woodahl, Atty, Gen., Douglas J. Wold, Asst. Atty. Gen. (argued), Helena, John L. Adams, Jr., County Atty., Daniel Cooper, Deputy County Atty., Billings, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

An appeal from a conviction from the district court of the thirteenth judicial district, county of Yellowstone. Appellant, Wray Merle Evans, was found guilty on four of seven counts, three being dismissed, of obtaining money and property by false pretenses and sentenced to four years at the Montana state prison on each count, the sentences to run concurrently.

Between the dates of November 17 and 22, 1967, four checks, purportedly drawn on the United States National Bank of Red Lodge, Montana, on the account of B.P.O. Elks, No. 534 were cashed in Billings, Montana. The checks were signed with the names of William A. Simmons and Frank C. Makela and payable to Ed White. A man identified by the receivers of each check as the appellant, presented the checks, identifying himself as Ed White, bartender at the Elk's Club. The four checks were cashed at the following listed places for the amounts set forth: J. C. Penney Company—$113.20; Safeway Stores, Inc.—$84.60; Bob's Evergreen IGA—$82.45; Gorham Park IGA—$82.50.

At the Penney Company all cash was received, at Safeway's store cash and groceries, at Bob's Evergreen IGA cash, and at Gorham Park IGA both cash and groceries.

The bank refused to honor the checks due to improper signatures and they were turned over to the sheriffs of the two counties involved. Pictures of some 8 to 12 persons were taken to the person who cashed each check and each picked the appellant out of the group of pictures, resulting in appellant's

arrest. At the trial some 11 months later, each clerk again identified the appellant as the man who cashed the checks.

The appellant relied upon the defense of alibi, alleging he had not been in the stores where the checks were cashed at the time they were cashed. His alibi was not corroborated and the jury found him guilty.

Five specifications of error are presented. (1) the failure of the court to instruct the jury under the provisions of section 94-7410, R.C.M.1947; (2) whether the charge was properly brought under the provisions of section 94-1805, R.C.M.1947; (3) whether error was committed in admitting state's exhibits 1 through 4; (4) whether the court erred in allowing the testimony of the witness William A. Simmons; and (5) failure to grant the motion to dismiss on the insufficiency of evidence.

We find no merit in issue 1 for the very statute appellant complains of as not being used to charge the jury had been repealed prior to the commission of the alleged crime. See Section 2, Chapter 196, Laws of 1967.

Issue 2 is likewise without merit and was rejected by this Court in a 1968 case, State v. Lagerquist, 152 Mont. 21, 445 P.2d 910. Appellant argues the charge should have been brought under section 94-2702, R.C.M.1947, a misdemeanor statute, instead of section 94-1805, R.C.M.1947, a felony statute. In State v. Lagerquist, supra, this Court answered this argument thusly:

"The appellant argues that because his acts violated more than one criminal statute the more specific statute controls. This argument is premised upon the contention that the misdemeanor and felony statutes are in conflict. We find this contention erroneous in view of previous rulings. The statutes set forth separate and distinct crimes. This Court in State v. Marchindo, 65 Mont. 431, 446, 211 P. 1093, quoted from a Massachusetts case holding:

" 'A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the

other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'

"Here the charge under section 94-1805, R.C.M.1947, required numerous facts not required under either of the misdemeanor statutes necessitating different proof. The fact that the legislature provides a course of action by more than one statute allows the state to choose either applicable law, and where different proof is required for each offense, a single act or transaction may violate more than one criminal statute. This problem was answered by the Supreme Court of New Jersey in State v. Fary, 16 N.J. 317, 108 A.2d 593. There, in a similar fact situation, the court said: 'By leaving both statutes on the books * * * the Legislature clearly intended that the two offenses should remain, one as an indictable crime and the other as a disorderly persons offense * * *. The fact that there is an area in which two statutes overlap and prohibit the same act, as in this case, does not mean that the defendant can only be prosecuted under the statute providing for the lesser penalty.'

"It is a cardinal principle of construction that repeals by implication are not favored. When there are two acts upon the same subject, the rule is to give effect to both if possible. The intention of the legislature to repeal must be clear and manifest. Reading the statutes in question here we find no such intention on the part of the legislature."

This Court has no intention of changing the position stated in the above cited case.

Issue 3 concerns the submission and admission into evidence of the four checks. Here the appellant was charged with four counts of having wilfully, wrongfully and knowingly obtained money and property by false pretenses by presenting checks to named victims. Each check became material, relevant and competent to prove the allegations. Upon the admission of each check the state laid a proper foundation by showing that the checks were not drawn by authorized persons and by

the testimony of the people who had cashed the checks that the appellant had presented the described checks and they had acted in reliance upon his representation. All of this is material to the issue and tends to prove the issue.

We find no merit to the appellant's contentions on issue 3. In fact it is stated so vaguely that it is near impossible to ascertain just how to frame the issue.

■ We are next confronted with issue 4—whether the court erred in allowing William A. Simmons to testify. The name of William A. Simmons appeared on all four checks. At the time of trial a Mr. William Simmons was called by the state. Mr. Simmons gave his name, stated that he was retired, he was not a member of the Red Lodge Elk's club and the signature on the checks was not his. He gave no other testimony; the appellant made no cross-examination and he now complains not only of the inadmissibility of the testimony but further alleges it is highly prejudicial. Just why the state presented so little direct testimony concerning Mr. Simmons is an unanswerable question but the appellant did nothing to develop the inadequacy by cross-examination and he can not now be heard to complain.

The 5th and last issue concerns whether the court erred in denying the appellant's motion to dismiss on the insufficiency of the evidence. We find no merit to this issue.

■ The elements of the crime of obtaining money and property by false pretenses are clearly stated in the cases of State v. Lagerquist, supra, and State v. Bratton, 56 Mont. 563, 186 P. 327, they are:

1. The making by the accused to the person injured one or more representations of past events or existing facts. Here when the accused represented himself to be Ed White, represented that the checks were payroll checks and he was entitled to the proceeds, the first element of the crime was met.

2. That there is a reliance on the part of the victim to the representations made. Here the state proved on each count

relying on the appellant's representations, that each victim parted with cash, property or both.

3. That the representations made are false. Here again, the state proved by the testimony of Mr. Rae, the teller of the drawee bank, that the checks were fraudulent in that they did not bear the names of the only two persons authorized to sign the checks and for this reason the bank refused to honor them.

4. That the appellant intended to knowingly defraud another person. Here the appellant was identified by four separate individuals as the person who presented and cashed the checks; the checks were fraudulent and quite obviously presented to get cash and property of another. In any criminal case evidence that is material, relevant and competent will be admitted, ''nothing more and nothing less''. The test is whether the facts and circumstances are of such a quality and quantity as to legally justify a jury in determining guilt beyond a reasonable doubt. If such be the case, then the Court should not, indeed will not, set aside the solemn findings of the trier of the facts. State v. Cor, 144 Mont. 323, 327, 396 P.2d 86; State v. DeTonancour, 112 Mont. 94, 112 P.2d 1065; State v. Espelin, 106 Mont. 231, 76 P.2d 629.

The judgment is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES CASTLES, HASWELL, and BONNER, concur.