No. 95-455

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

SHAWN KEVIN SMAAGE,

      Defendant and Appellant



APPEAL FROM:   District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

        J. Mayo Ashley, Helena, Montana

      For Respondent:

        Honorable Joseph P. Mazurek, Attorney General;
Patricia J. Jordan, Assistant Attorney General,
Helena, Montana

        Mike McGrath, County Attorney; Vicki Frazier,
Deputy County Attorney, Helena, Montana

Submitted on Briefs:  March 14, 1996

Decided: April 15, 1996

Filed:

_____
          Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Shawn Smaage was convicted of felony criminal endangerment in a bench trial in the First Judicial District Court, Lewis and Clark County. He appeals. We affirm.

The issue is whether Smaage was incorrectly charged under the criminal endangerment statute rather than under DUI statutes.

In the early morning hours of December 11, 1994, a citizen reported to the Helena, Montana, city police that he had just observed a man who appeared very intoxicated get into an older white Buick and start "swerving down the road." The citizen provided a vehicle description and license plate number.

Shortly thereafter, a deputy county sheriff located the white Buick on a city street. The Buick continued to travel over several city blocks, making a right-hand turn from the left lane of traffic and weaving into the oncoming lane of traffic several times. Other vehicles on the streets managed to avoid the Buick.

When the Buick's driver, who was later identified as Shawn Smaage, was pulled over and got out of the car, he refused to perform several field sobriety tests. Asked if he had been drinking, Smaage admitted that he had "had his share."

At the county jail, Smaage tested as having a ,250 blood alcohol content--well over the legal limit of .10. See § 61-8-401, MCA. He was charged with second offense DUI.

Further review of Smaage's criminal record revealed that, while he had been charged with DUI only once in the preceding five

2

years, he had five previous DTJI convictions between 1981 and 1988. Additionally, in April 1988, Smaage pled guilty to negligent homicide as a result of the death of a passenger in a vehicle he wrecked. Under the law in effect in 1994, all of Smaage's DUI convictions which were over five years old had been deleted from his driving record and could not be used to increase the DUI penalty on the current charge. Section 61-8-714(5), MCA (1993).

After Smaage's record of drinking and driving was reviewed, the charge against him was changed to criminal endangerment. Smaage moved to dismiss the charge of criminal endangerment on the ground that the criminal endangerment statute, § 45-5-207, MCA, was inapplicable to the facts of this case. He also argued that the statute was unconstitutionally vague as applied to him. The District Court denied the motion to dismiss.

Smaage was convicted in a bench trial. He was sentenced to ten years in prison and was designated a dangerous offender.

Was Smaage incorrectly charged under the criminal endangerment statute rather than under the DUI statutes?

Section 45-5-207, MCA, provides:

Criminal endangerment--penalty. (1) A person who knowingly engages in conduct that creates a substantial risk of death or serious bodily injury to another commits the offense of criminal endangerment. This conduct includes but is not limited to knowingly placing in a tree, log, or any other wood any steel, iron, ceramic, or other substance for the purpose of damaging a saw or other wood harvesting, processing, or manufacturing equipment.

3

(2) A person convicted of the offense of criminal endangerment shall be fined an amount not to exceed $50,000 or imprisoned in the state prison for a term not to exceed 10 years, or both. [Emphasis added.]

Smaage argues that he should have been charged under the more specific DUI statutes, §§ 61-8-401 and -722, MCA, rather than the more general criminal endangerment statute.

Smaage cites State v. Langan (1968), 151 Mont. 558, 445 P.2d 565, in support of his proposition that a more specific statute controls over a more general statute. Langan addressed situations in which the more specific statute conflicts with and cannot be harmonized with the general statute. In Langan, a specific statute prohibiting the issuance of a warrant to search a private residence for contraband directly conflicted with general statutes allowing issuance of a warrant. This Court held the specific statute controlled

Here, in contrast, we are not faced with a conflict between a specific statute and a general statute, but with alternative charging statutes. When there is no clear and manifest legislative intent to the contrary and different proof is required under two alternative statutes, it is not necessary that the most specific statutory violation be charged. See State v. Booke (1978), 178 Mont. 225, 230, 583 P.2d 405, 408.

The legislative history of § 45-5-207, MCA, which was enacted as Ch. 196, L. 1987, contains the following description of discussion in the Senate Judiciary Committee:

4

> Senator Yellowtail asked if a person drinks a case of beer and gets into a car, is that person guilty of criminal endangerment or is it negligence [sic] endangerment Senator Halligan said an [sic] prosecuting attorney would charge him with the highest possible charge that they can, which is criminal endangerment.

Minutes, Senate Judiciary Committee, March 6, 1987, at 5-6. The above discussion does not demonstrate clear and manifest legislative intent to prohibit use of the criminal endangerment statute in prosecutions for drinking and driving. In fact, we conclude that the above exchange demonstrates legislative intent that the statute may be so used.

We recently restated the general rule of prosecutorial discretion in the charging of crimes:

> It is not only incumbent upon the county attorney to determine when or when not to prosecute a case, but when the facts of a case support a possible charge of more than one crime, the crime to be charged is a matter of prosecutorial discretion.

State ex rel. Fletcher v. Dist. Court (1993), 260 Mont. 410, 415, 859 P.2d 992, 995. The question, then, is not which statute most specifically covers the crime, but whether the facts support the charge of criminal endangerment.

The elements of criminal endangerment are the mental state of "knowingly" and the act of engaging in conduct that creates a substantial risk of death or serious bodily injury to another. A person commits the offense of criminal endangerment when he is aware that there is a high probability that his conduct may cause a substantial risk of death or serious bodily injury to another. State v. Crisp (1991), 249 Mont. 199, 203, 814 P.2d 981, 983.

5

The District Court, as the trier of fact, found that the facts supported the charge of criminal endangerment. At the close of trial, the court restated the facts leading up to Smaage's arrest. It then quoted from the judge's comments at Smaage's 1988 sentencing for negligent homicide:

> [T]he Court notes this defendant has five prior convictions for driving under the influence of alcohol, and has disregarded the risks and dangers he presents to society by driving while drinking. The Court is aware the defendant was raised as an alcoholic. He was raised to kill by car. The defendant is a danger to society and this sentence is imposed to protect the public from the defendant, alcohol and automobiles.

After quoting the above comments of the 1988 sentencing court, the District Court stated:

> [T]hat admonition issued by Judge Bennett some seven years ago is a clear statement to this person that driving drunk is going to hurt somebody. He continued to do it. In fact, he's killed somebody. There were vehicles on the roadway this night. We're all very lucky no one else was killed. .
>
> We have an 8th time DUI person. He has killed somebody. He's been warned repeatedly, specifically by Judge Bennett, that his conduct is creating a serious danger to others and he's continued to engage in that conduct.

On that basis, the District Court found Smaage guilty as charged.

The above comments by the District Court outline the evidence in the record supporting a finding that Smaage acted "knowingly." The presence of other people on the streets down which Smaage weaved the Buick--a potential lethal missile in the hands of a driver with a .250 blood alcohol content--supports a finding that Smaage engaged in conduct creating a substantial risk of death or

serious bodily injury to another. We conclude that the facts support a charge of criminal endangerment.

Smaage also argues on appeal that his conviction of criminal endangerment is unconstitutional under principles of due process and equal protection. He claims that his right to have the law administered fairly and evenhandedly has been violated and that § 45-5-207, MCA, is unconstitutionally vague on its face. In Crisp, this Court upheld the facial constitutionality of § 45-5-207, MCA. These arguments were not raised in District Court and we therefore decline to address them further on appeal. See § 46-20-701(2), MCA.

Finally, Smaage argues that § 45-5-207, MCA, is unconstitutionally vague as applied to him. He complains that he was not given fair notice that driving after drinking was a felony crime.

A statute not involving First Amendment freedoms which is challenged as void for vagueness as applied must be examined in light of the conduct with which the defendant is charged, in order to determine if one could reasonably understand that the defendant's conduct is proscribed. United States v. Mazurie (1975), 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713. In its review, this Court must view the facts in the light most favorable to the State. Crisp, 814 P.2d at 984.

With his history of convictions of DUI and negligent homicide, Smaage should reasonably have understood that his drunk driving created a substantial risk of serious bodily injury to others and

7

was therefore proscribed.  Under the record in this case, we conclude that § 45-5-207, MCA, is not unconstitutionally vague as here applied.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices