JUSTICE LEAPHART,
dissenting.
I dissent. The Court holds that § 87-1-102(1), MCA(1993), provides the exclusive punishment for violation of Title 87 or of any fish and game laws in the State of Montana. I fail to see a clear and manifest legislative intent that Title 87 or the language of § 87-1-102(1), MCA, sets forth exclusive remedies. The statute states that a person who violates Title 87 or any other law relating to fish and game is guilty of a misdemeanor unless a different punishment is expressly provided by law for the violation. It is axiomatic that conduct can violate more than one statute or title to the Montana Code. A declaration that, to the extent such conduct violates the fish and game laws, it is a misdemeanor, is not the same as saying that such conduct cannot also constitute a violation of criminal statutes in Title 45. Unless there is a clear manifestation of legislative intent to the contrary, the prosecutor can charge under either applicable statute. State v. Lagerquist (1968), 152 Mont. 21, 31, 445 P.2d 910, 915; State v. Evans (1969), 153 Mont. 303, 306, 456 P.2d 842, 844. The prosecutor has discretion to determine the charge when the conduct violates more than one statute as long as the statutes have differing elements. This rule applies even when one of the statutes is a felony of more general application than a misdemeanor statute which more specifically addresses the conduct and even if the misdemeanor statute is part of a comprehensive body of law on the particular subject. State v. Duncan (1979), 181 Mont. 382, 395-96, 593 P.2d 1026, 1034.
By way of analogy, even though Title 61 (Motor Vehicles), like Title 87 (Fish & Wildlife), comprehensively provides that “it is a misdemeanor for a person to violate any of the provisions of this chapter unless the violation is declared to be a felony,” § 61-8-711, MCA, the misdemeanor provisions of the traffic code in Title 61 are not the exclusive remedy for drunk driving if the conduct satisfies the elements of a more serious felony crime, negligent homicide, § 45-5-104, MCA, for example. See State v. Gould (1985), 216 Mont. 455, 704 P.2d 20.
In State v. Smaage (1996), 276 Mont. 94, 915 P.2d 192, we affirmed Smaage’s conviction for criminal endangerment for driving recklessly down the streets of Helena while his blood alcohol content was .250. We rejected his argument that he should have been charged under the more specific DUI statutes of Title 61 rather than the more general criminal endangerment statute. Most recently in State v. Bell (1996), [277 Mont. 482], 923 P.2d 524, we held that when a person *57 drives down a city street at speeds of up to 80 mph in the middle of the morning, he is guilty of more than just misdemeanor reckless driving under Title 61; he can be charged with and found guilty of felony criminal endangerment under Title 45, MCA.
I see nothing in § 87-1-102, MCA, which states that the penalties provided in Title 87 are the “only” penalties allowed for such conduct or that they are “exclusive” of all other titles. I would reaffirm our holding in State v. Fertterer (1992), 255 Mont. 73, 841 P.2d 467, that Title 87 does not provide the exclusive remedy for conduct which constitutes both a fish and game violation and a violation of the criminal code, Title 45.
At best, Title 87 is aimed at controlling the hunting of wild game. The defendants here were not “hunting.” They were engaged in a calculated slaughter of bears. Over two and half months, the defendants baited bears, chased them with hounds equipped with radio collars, purposely wounded bears to provide sport for the dogs, and killed smaller bears, cut their bellies open and used their carcasses as bait for other bears. This conduct is clearly more egregious than simply “unlawfully taking, killing, possessing, or transporting a ... black bear ...” under Title 87. Section 87-l-102(2)(a), MCA. The slaughter of at least four black bears clearly exceeds the scope of any defined offense in Title 87.
In conclusion, the plain language of § 87-1-102(1), MCA, does not purport to be exclusive. Secondly, I fail to see the clear and manifest legislative intent to have Title 87 completely “occupy the field.” The misdemeanor provisions of Title 87 should no more be the exclusive remedy for this senseless baiting and slaughter of wild animals than it would be if someone were to mow down a herd of antelope with a machine gun.
CHIEF JUSTICE TURNAGE and JUSTICE ERDMANN, join in the foregoing dissent.