DA 09-0327

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2010 MT 7

STATE OF MONTANA,

       Plaintiff and Appellee,

    v.

BRYON MATTHEW G'STOHL,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 06-0950
Honorable Russell C. Fagg, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Robin Amber Meguire, Attorney at Law; Great Falls, Montana

       For Appellee:

       Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar,
Assistant Attorney General; Helena, Montana

       Dennis Paxinos, Yellowstone County Attorney;
Julie Pierce, Deputy County Attorney; Billings, Montana

Submitted on Briefs:  December 2, 2009

Decided:  January 19, 2010

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Defendant Bryon G'Stohl appeals the ruling of the District Court for the Thirteenth Judicial District, Yellowstone County, denying G'Stohl's motion to dismiss a charge of criminal endangerment and rejecting G'Stohl's as-applied vagueness challenge to Montana's criminal endangerment statute, § 45-5-207, MCA.

¶2 The sole issue on appeal is whether the District Court erred in holding that § 45-2-207, MCA, is not unconstitutionally vague as applied to G'Stohl.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3 On the evening of December 6, 2006, after having consumed "a few alcoholic beverages," G'Stohl crashed his pickup into the back of a woman's minivan, propelling the minivan into another vehicle. Two young children were passengers in the minivan. Both the pickup and the minivan sustained damage and had to be towed from the scene. Both the woman in the minivan and the driver of the third vehicle complained of neck pain after the collision. The children were unharmed.

¶4 Police officers arriving at the scene of the collision spoke with G'Stohl and reported that he slurred his words and was difficult to understand. They also described his breath as boozy, his eyes glossy, and his walk unsteady. G'Stohl admitted to having a few drinks at a bar before driving home. The officers arrested G'Stohl and ferried him to the Yellowstone County Detention Center, where G'Stohl refused to submit to sobriety tests or a breathalyzer. G'Stohl did agree to recite the alphabet, which he accomplished without trouble.

2

¶5 The State charged G'Stohl with criminal endangerment and driving under the influence (DUI). G'Stohl moved to dismiss the former charge on the basis that the criminal endangerment statute, § 45-2-207, MCA, is unconstitutionally vague as applied to his case. The District Court denied the motion, reasoning that G'Stohl had not shown the statute to be unconstitutional as applied to him. Subsequently and pursuant to a plea agreement, G'Stohl pleaded no contest to criminal endangerment and guilty to DUI, reserving his right to appeal the denial of the motion to dismiss. For criminal endangerment, the District Court sentenced G'Stohl to a five-year commitment to the Department of Corrections with three years suspended. For DUI, G'Stohl was sentenced to six months in jail with all but a day suspended. The District Court ordered the sentences to run concurrently.

¶6 G'Stohl now appeals the District Court's order denying his motion to dismiss. G'Stohl argues that he was "never given notice or put on notice of what conduct was prohibited" and that § 45-2-207, MCA, does not contain sufficient guidelines to prevent arbitrary enforcement.

## STANDARD OF REVIEW

¶7 This Court reviews a district court's denial of a motion to dismiss de novo. *State v. Samples*, 2008 MT 416, ¶ 13, 347 Mont. 292, 198 P.3d 803. Our review of constitutional questions is plenary. *Id.* at ¶ 14. The party challenging a statute carries the heavy burden of demonstrating the statute's unconstitutionality. *Hernandez v. Bd. of Co. Commrs.*, 2008 MT 251, ¶ 15, 345 Mont. 1, 189 P.3d 638.

3

## DISCUSSION

¶8 ***Whether the District Court erred in holding that § 45-2-207, MCA, is not unconstitutionally vague as applied to G'Stohl.***

¶9 A law that is so vague that it leaves ordinary people uncertain as to what conduct it prohibits or that it may authorize or encourage arbitrary and discriminatory enforcement is repugnant to the Due Process Clauses of the Constitutions of Montana and the United States. Mont. Const. art. II, § 17; U.S. Const. amend. XIV, § 1; *Samples*, ¶ 16; *Giaccio v. Pennsylvania*, 382 U.S. 399, 402-03, 86 S. Ct. 518, 520-21 (1966). The void-for-vagueness doctrine is premised on the principle that everyone is entitled to fair warning of what the law commands and forbids so he may conduct himself accordingly and the related principle that explicit legal standards are necessary to prevent policemen, prosecutors, judges, and juries from enforcing the law in arbitrary or discriminatory fashion. *State v. Stanko*, 1998 MT 321, ¶ 23, 292 Mont. 192, 974 P.2d 1132.

¶10 A statute is so vague as to deny due process of law if (1) the statute fails to give "a person of ordinary intelligence fair notice that [the person's] contemplated conduct is forbidden" or (2) it fails to establish "minimal guidelines to govern law enforcement." *State v. Dixon*, 2000 MT 82, ¶¶ 28, 30, 299 Mont. 165, 998 P.2d 544. When a defendant mounts an as-applied vagueness challenge to a statute, as G'Stohl does here, our evaluation of the first criterion examines "the conduct with which the defendant is charged in order to determine whether the defendant could have reasonably understood that his conduct was proscribed." *Id.* at ¶ 28. Similarly, in an as-applied challenge, our

4

evaluation of the second criterion may include whether a defendant's conduct so "clearly falls within the proscriptions of the . . . charge" that the enforcement could not be the result of unfettered discretion. *See id.* at ¶ 34.

¶11 Section 45-5-207, MCA, which G'Stohl here challenges as unconstitutionally vague as applied to him, reads in relevant part: "A person who knowingly engages in conduct that creates a substantial risk of death or serious bodily injury to another commits the offense of criminal endangerment."

¶12 G'Stohl argues that § 45-5-207, MCA, is unconstitutionally vague both because it did not give him actual notice that his conduct—driving while sufficiently intoxicated that he crashed his pickup into an occupied vehicle, disabling both vehicles—amounted to criminal endangerment and because it encouraged arbitrary enforcement by the arresting officers.

¶13 G'Stohl first argues that "he was never given notice or put on notice of what conduct was prohibited by the statute," so he could not have "knowingly engaged" in the proscribed conduct. G'Stohl supports this argument by distinguishing his case from *State v. Smaage*, 276 Mont. 94, 915 P.2d 192 (1996). In *Smaage* the defendant was convicted of knowing endangerment under § 45-5-207, MCA, for driving erratically through the streets of Helena with a blood-alcohol content of .250. *Id.* at 96, 915 P.2d at 193. The defendant, Smaage, had previously been charged six times for DUI, had been convicted at least five times for DUI, had pleaded guilty to negligent homicide for the death of a passenger in a car he wrecked, and had been warned by a judge that his drinking and

5

driving was going to harm others. *Id.* at 96, 98, 915 P.2d at 193, 195. On appeal, the Court rejected the defendant's as-applied vagueness challenge to § 45-5-207, MCA, reasoning: "With his history of convictions of DUI and negligent homicide, Smaage should reasonably have understood that his drunk driving created a substantial risk of serious bodily injury to others and was therefore proscribed." *Id.* at 99, 915 P.2d at 195-96. Unlike *Smaage*, G'Stohl advances, he has no history of DUI, has never been admonished by a judge that drinking and driving is dangerous to others, did not have an "extremely high" blood-alcohol content, and was not seen swerving toward other cars.

¶14 G'Stohl's arguments lack merit. First, to the degree that G'Stohl asserts that due process required him to have "actual notice" of the prohibition of § 45-5-207, MCA, before he could be prosecuted (in the sense that he had to be aware of the existence of the statute), he is mistaken. While this Court stated in *Dixon* that the first criterion of the void-for-vagueness analysis involves "actual notice," we subsequently clarified that the determinative inquiry was "whether the statute gives a person of ordinary intelligence fair notice that [the person's] contemplated conduct is forbidden." *Dixon*, ¶ 28. "In any event, people are presumed to know the law." *Cole v. St. ex rel. Brown*, 2002 MT 32, ¶ 28, 308 Mont. 265, 42 P.3d 760. Whether or not a defendant is, in fact, aware of the existence of a given law has no bearing on our analysis of an as-applied challenge to a statute on the grounds of vagueness.

¶15 Furthermore, G'Stohl's efforts to distinguish *Smaage* are unavailing. Here, the uncontested evidence indicates that G'Stohl was significantly impaired at the time of the

6

collision: his speech was slurred, his gaze glassy-eyed, his breath boozy, and his walk unsteady. Contrary to G'Stohl's suggestion, a person need not have a history of DUI convictions or admonishments from judges to understand that drinking to excess and then crashing one's pickup into an occupied vehicle with sufficient force to disable both vehicles "creates a substantial risk of death or serious bodily injury to another." Additionally, we have no basis on which to compare G'Stohl's blood-alcohol content to that of the defendant in *Smaage* because G'Stohl refused to submit to a breathalyzer test. Finally, while there is no indication that G'Stohl was swerving through traffic like the defendant in *Smaage*, G'Stohl, unlike the defendant in *Smaage*, actually collided with an occupied vehicle, causing a multiple-vehicle accident, injuring other parties involved, and requiring vehicles to be towed. Thus, we reject G'Stohl's argument that § 45-5-207, MCA, as applied to the facts of this case, failed to give fair notice that G'Stohl's conduct was proscribed.

¶16 G'Stohl's second argument—that § 45-5-207, MCA, lacks minimal guidelines to prevent arbitrary enforcement—consists of three conclusory and desultory statements. First, G'Stohl states that the ambiguity of the statute permitted arbitrary enforcement. Second, G'Stohl advances that the arresting officer arbitrarily charged him with criminal endangerment because he was "likely perturbed at G'Stohl's refusal to admit to the offense and refusal to submit to any breath or sobriety tests." Third, G'Stohl contends that the statute encourages arbitrary enforcement because "nearly every person charged

7

or convicted of a DUI offense . . . could also be charged and convicted of criminal endangerment."

¶17 We find these arguments unpersuasive. G'Stohl's first argument—that the statute is ambiguous—fails to point out any language in the text of the statute that is ambiguous. Without further analysis by G'Stohl, this argument cannot succeed. *See Johansen v. State*, 1998 MT 51, ¶ 26, 288 Mont. 39, 955 P.2d 653 (explaining that the Court's office is not to "develop legal analysis that may lend support to [a given] position"). G'Stohl's second argument—that the arresting officers arbitrarily charged him with criminal endangerment because he refused to cooperate—is sheer conjecture and also unlikely given that G'Stohl's conduct (driving while drunk and crashing his pickup into another occupied vehicle, disabling both vehicles) plainly "falls within the proscription[]" of the criminal endangerment charge. *See Dixon*, ¶ 34. Finally, G'Stohl's unsupported argument that nearly every person charged with DUI could also be charged with criminal endangerment echoes an argument raised by the defendant in *Dixon*. In that case, the defendant raised an as-applied vagueness challenge to § 45-8-335, MCA (possession of explosives), arguing that the offense was "completely subsumed within . . . § 45-8-333, MCA [reckless or malicious use of explosives]." *Id.* at ¶ 25. We rejected the argument, observing that the defendant "cites no legal authority for the proposition that because a defendant could have also been charged with a lesser offense, the statute he was charged with violating is therefore unconstitutionally vague as applied." *Id.* at ¶¶ 34-35. The same reasoning applies here, and accordingly we reject G'Stohl's third argument.

¶18 Finding no merit in the arguments G'Stohl has raised to challenge the constitutionality of § 45-5-207, MCA, we conclude that G'Stohl has not carried his burden of demonstrating that § 45-5-207, MCA, is unconstitutional. We therefore affirm the ruling of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS