JUSTICE COTTER
dissents.
¶21 I dissent.
¶22 First, I would conclude the District Court erred in applying the 2007 law to Pearrow. When he went to the Bozeman Police Department to register in 2006, Pearrow signed a Registration Form obligating him to comply with 11 specific conditions, including the obligation from the 2005 statute to give written notice within 10 days of a change of address. Included on the Registration Form was the advisement that he would receive an address verification letter from the Department of Justice once a year, which he must sign and return. This annual verification is required under § 46-23-504, MCA (2005) and (2007). It is therefore evident that the State keeps at least annual tabs on registrants. Despite this capability and legal requirement, nothing in the record reflects that the State ever informed Pearrow of the significant change in the relocation notice requirement under the 2007 law, which effectively negated the instructions and obligations to which Pearrow committed in 2006. Yet, Pearrow was prosecuted under the 2007 law, of which he had no notice.
*183 ¶23 A person is presumed to know the law of Montana, and will not normally be relieved of criminal liability for failure to comply with it. State v. G’Stohl, 2010 MT 7, ¶ 14, 355 Mont. 43, 223 P.3d 926. However, here, the State went so far as to expressly lay out the law for Pearrow in the Registration Form he was obligated to read, commit to, and sign. Respectfully, where the State undertakes to direct a person to follow a specific set of legal instructions, it should not be later allowed to prosecute that person for failure to follow a new set of instructions of which he has no notice. This is akin to the State or a court changing the specific written conditions of a defendant’s probation without advising him, and then revoking the defendant’s probation for failure to follow the undisclosed conditions. It is a blatant denial of due process. Notwithstanding the express retroactivity clause attendant to the sexual registration statutory revisions (Compiler’s Comments, Section 31, Ch. 483, L. 2007), I would hold that the District Court should have applied the 2005 statute to Pearrow because-quite simply-that is the law the State specifically directed him to follow.
¶24 I turn now to the Court’s Opinion. While not ever resolving the question of whether the 2005 or 2007 version of § 46-23-507, MCA, should apply, the Court concludes that-whatever the case-Pearrow was on notice that “he had to do something regarding his departure from his registered address in Belgrade within at least ten days,” Opinion, ¶ 15, and that he failed to do so. I respectfully disagree. Pearrow’s Registration Form advised him that he must “give written notice within 10 days of changing my address.” Opinion, ¶ 6. Pearrow fully complied with this obligation.
¶25 As the Court notes, Pearrow changed his address on November 17, 2008, when he began renting a space for his RV in Apache Junction, Arizona. Opinion, ¶ 8. Six days later, he wrote a letter to the Belgrade Police Department, informing it of his change of address. While he may have vacated his Belgrade address on November 6,2008, Pearrow was at liberty to travel for business without notifying law enforcement. Opinion, ¶ 7. Further, there is no dispute that Pearrow did not commence living at a different address until he signed the lease at the RV Park on November 17. It is this date that the change of address took place, and the Court is therefore wrong to task Pearrow with failing to notify the Department within 10 days of November 6. Pearrow gave written notice within 6 days of changing his address, as the Registration Form and the 2005 statute instructed.
¶26 Pearrow advised the Belgrade Police Department in his letter that the Belgrade UPS Store would forward his mail to him, and indeed, *184 the record reflects that the police had no problem securing the address of the Arizona RV Park from the UPS Store. Pearrow represented in his letter to the Department that his legal research had led him to the conclusion that the Belgrade address constituted a legal street address. He then concluded his letter to the Department as follows: “If there is any information you need, please contact me. I hope this covers all of the bases for my registration, and satisfies all of the laws that I am bound to until this mark is removed from my past.”
¶27 A sexual offender who knowingly fails to keep his registration current is subject to a felony conviction. Section 46-23-507, MCA (2005) and (2007). I submit that the undisputed facts here demonstrate that Pearrow did not “knowingly” fail to keep his registration current; in fact, he complied with the letter of the directions he was given, and on top of that, offered to do anything additional he could do to make sure his registration was lawful.
¶28 Where, as here, an individual does everything he can to ensure compliance with the law, he should not be rewarded with a rush to a felony conviction. In my judgment, this prosecution was heavy-handed and devoid of due process. I would reverse Pearrow’s conviction, and I dissent from our refusal to do so.
JUSTICE WHEAT joins the Dissent of JUSTICE COTTER.