JUSTICE NELSON
specially concurs.
¶33 I concur in the Court’s decision on Issues one and two and specially concur on Issue three. As to Issue three, §46-18-115, MCA, in pertinent part, requires:
Before imposing sentence or making any other disposition upon acceptance of a plea or upon a verdict or finding of guilty, the court shall conduct a sentencing hearing, without unreasonable delay, as follows:
(6) In felony cases, the court shall specifically state all reasons for the sentence, including restrictions, conditions, or enhancements imposed, in open court on the record and in the written judgment.
¶34 In State v. Osterloth, 2000 MT 129, 299 Mont. 517, 1 P.3d 946, we interpreted this statute, and held that since the sentencing court did not set forth the reasons for the sentence imposed in its written judgment, to that extent, the court erred. We did not, however, require that the court re-sentence the defendant, but we did remand with instructions that the court enter a modified written judgment setting forth the reasons for the sentence as stated in the District Court’s oral judgment. Osterloth, ¶¶ 39-41; see also State v. Christianson, 1999 MT 156, 295 Mont. 100, 983 P.2d 909 (holding that when the Sentence Review Division, acting as an arm of this Court, remanded the matter to the District Court, “the District Court had authority to issue an order amending the written judgment to list its reasons for imposing the parole eligibility restriction, in compliance with §46-18-115(6) and §46-18-202(2), MCA”).
¶35 I would require the same thing in this case. Section 46-18-202(2), MCA, like § 46-18-115(6), MCA, is a mandatory direction to the sentencing court to provide, in the written judgment, the reasons for any parole restriction imposed. I continue to believe that judges must *441 comply with the mandatory requirements of sentencing laws. Where the black-letter law mandates that the judge do some particular thing, it is no excuse for his or her failure to do so that the defendant, the prosecutor, or the defense attorney failed to ‘tell” the judge to do what the law plainly requires.
¶36 Indeed, we presume that laypeople “know the law.”[1] Should we, then, presume less of judges-i.e., that they don’t know the law? Presuming that the trial judge here knew the law and his obligation to sentence according to the law, the court should have specified in the written judgment his reasons for imposing the parole restriction.
¶37 For that reason, I would, as we did in Osterloth, remand this cause to the sentencing court for entry of a modified written judgment setting forth the reasons for imposing the parole restriction.
¶38 I concur in Issues one and two, and, for the above reasons, specially concur in the result of Issue three subject to our remanding to the District Court for entry of a modified written judgment.

 Indeed we went on at length about that presumption in State v. Payne, 2011 MT 35, ¶ 22, 359 Mont. 270, 248 P.3d 842:
We are persuaded by the State’s argument that Payne is presumed to know the law of Montana. For at least a century, it has been the law in Montana that ‘ignorance of the law is no defense.” State ex rel. Rowe v. District Court, 44 Mont. 318, 324, 119 P. 1103, 1106 (1911), superseded by statute on other grounds in State ex rel. Shea v. Judicial Standards Comm., 198 Mont. 15, 643 P.2d 210 (1982) (“If a person accused of a crime could shield himself behind the defense that he was ignorant of the law which he violated, immunity from punishment would in most cases result. No system of criminal justice could be sustained with such an element in it to obstruct the course of its administration.”). We reiterated this rule in State v. Trujillo, 2008 MT 101, ¶ 15, 342 Mont. 319, 180 P.3d 1153, when we held that Trujillo unlawfully trespassed onto another’s land despite his assertions that he had not passed through any gates or barriers intended to bar access. Similarly, in State v. G’Stohl, 2010 MT 7, ¶ 14, 355 Mont. 43, 223 P.3d 926, we noted that “people are presumed to know the law” and will not be relieved of criminal liability for their failure to comply with it.