No. DA 06-0037

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 72

_____

MICHELLE A. WING,

        Plaintiff and Appellant,

   v.

STATE OF MONTANA, Acting by and through the
Department of Transportation, and JOHN DOE
CORPORATIONS 1-3,

        Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                      In and for the County of Missoula, Cause No. DV-04-783,
                      The Honorable John W. Larson, Presiding Judge.

COUNSEL OF RECORD:

        For Appellant:

                Paul C. Meismer, Meismer & Associates, PLLC, Missoula, Montana

        For Respondents:

                Robert E. Sheridan, Garlington, Lohn & Robinson, PLLP, Missoula,
                Montana

_____

                     Submitted on Briefs:  December 13, 2006

                                Decided:  March 13, 2007

Filed:

_____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Michelle A. Wing (Wing) appeals from an order of the Fourth Judicial District, Missoula County, granting summary judgment in favor of the State of Montana (State). We affirm.

¶2 Wing presents two issues for review:

¶3 1. Whether § 2-9-301, MCA, is unconstitutionally vague.

¶4 2. Whether the District Court properly applied the three-year statute of limitations in granting the State's motion for summary judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

¶5 Wing was involved in a car accident on Highway 200 in Missoula County on April 27, 2001. Wing sent a claim by mail on April 23, 2004, to the Department of Administration (the Department), alleging that the State was responsible for the injuries that she suffered as a result of the crash. The Department received Wing's claim on April 26, 2004. The Department effectively denied Wing's claim by failing to make a final disposition of the claim in writing within 120 days of Wing's presentment of her claim.

¶6 Wing filed a complaint in District Court against the State on August 26, 2004, alleging that the State's contractor failed to sign adequately a road construction zone on Highway 200 and that the lack of warning caused her car to collide with another vehicle. Wing seeks damages that she claims resulted from the crash, including medical expenses, future medical expenses, loss of earnings, future loss of earnings and earning capacity, emotional distress, pain and suffering, and the loss of established course of life.

¶7 The State filed an answer on September 17, 2004, denying the allegations in

Wing's complaint.  The State also raised an affirmative defense that the statute of limitations barred Wing's claim.  The State filed a motion for summary judgment on September 16, 2005, arguing that Wing's untimely complaint under § 27-2-204, MCA, and § 2-9-301, MCA, warranted dismissal of her claims as a matter of law.  Wing countered that she timely filed her complaint under the applicable statutes.  Wing also argued that § 2-9-301, MCA, was unconstitutionally vague on its face, and thereby violated her constitutional right to due process.

¶8      The District Court granted the State's motion for summary judgment.  The court determined that Wing's complaint was subject to § 27-2-204, MCA, the statute prescribing a three-year period for the filing of tort actions, and § 2-9-301, MCA, the statute that tolls the statute of limitations for a period of 120 days when the claimant provides notice to the State of the claim.  The court applied the two statutes using the method provided in M. R. Civ. P. 6.  The court determined that Wing's cause of action expired on August 25, 2004, just one day before Wing filed her complaint.  The court also ruled that § 2-9-301, MCA, was not unconstitutionally vague.  Wing appeals.

**STANDARD OF REVIEW**

¶9      We review *de novo* a district court's grant of summary judgment.  *Gulf Insurance Co. v. Clark*, 2001 MT 45, ¶ 12, 304 Mont. 264, ¶ 12, 20 P.3d 780, ¶ 12.  We apply the same standard used by the district court as set forth in M. R. Civ. P. 56.  *Gulf Insurance Co.*, ¶ 12.  We review for correctness the district court's application of the statute of limitations.  *Gulf Insurance Co.*, ¶ 13.  We exercise plenary review of constitutional questions.  *In re Custody and Parental Rights of D.S.*, 2005 MT 275, ¶ 15, 329 Mont.

180, ¶ 15, 122 P.3d 1239, ¶ 15.

## DISCUSSION

¶10    *Whether § 2-9-301, MCA, is unconstitutionally vague.*

¶11    Wing argues that § 2-9-301, MCA, is unconstitutionally vague in that it first directs a claimant to "present" a claim to the Department and then tolls the statute of limitations upon the Department's "receipt" of such claim. Wing contends that a person of ordinary intelligence would not know whether the statute of limitations tolls from the time the claim was presented to the Department or when the Department actually received the claim. Wing further argues that the Department's failure to provide notice of its receipt of a claim makes it impossible for a person of ordinary intelligence to calculate when the tolling period begins.

¶12    Statutes carry a presumption of constitutionality. *In re Custody and Parental Rights of D.S.*, ¶ 15. The party challenging the statute carries the burden of proving the statute's unconstitutionality beyond a reasonable doubt. *In re Custody and Parental Rights of D.S.*, ¶ 15. A non-criminal statute is unconstitutionally vague if a person of common intelligence must guess at its meaning. *Montana Media, Inc. v. Flathead County,* 2003 MT 23, ¶ 58, 314 Mont. 121, ¶ 58, 63 P.3d 1129, ¶ 58. We presume that a person of average intelligence can comprehend a term of common usage contained in a statute. *State v. Trull*, 2006 MT 119, ¶ 33, 332 Mont. 233, ¶ 33, 136 P.3d 551, ¶ 33.

¶13    Section 2-9-301(2), MCA, prohibits a claimant from filing an action against the State in district court without first presenting the claim to the Department. The statute tolls the applicable statute of limitations for 120 days. The tolling period begins upon the

4

Department's "*receipt* of the claim." Section 2-9-301, MCA (emphasis added). "Receipt" constitutes a term of common usage that does not connote an obscure or incomprehensible meaning. We presume that a person of average intelligence could comprehend that the term "receipt" as used in § 2-9-301, MCA, means that the statute of limitations tolls when the Department actually receives the claim. *See The American Heritage Dictionary of the English Language* 1458 (4th ed., Houghton Mifflin Company 2000); *Trull*, ¶ 33. The plain language of the statute sets forth a clear time for when the tolling of the statute of limitations begins.

¶14 We recognize that the Department's "receipt" of a claim could vary, however, depending on whether the claimant chose to hand deliver the claim or to deliver the claim by mail. We do not require "perfect clarity and precise guidance" to uphold a statute's constitutionality. *In re Custody and Parental Rights of D.S.*, ¶ 17. We deem a statute to be unconstitutionally vague if it specifies "'no standard of conduct'" at all. *In re Custody and Parental Rights of D.S.,* ¶ 16 (quoting *State v. Martel*, 273 Mont. 143, 151, 902 P.2d 14, 19 (1995)).

¶15 A claimant readily could determine the precise date of the Department's receipt of the claim and, thus, the commencement of the tolling period under § 2-9-301, MCA, in a number of ways. For instance, a claimant could hand deliver the claim to the Department, ensuring the exact date of the Department's receipt and the beginning of the tolling of the statute of limitations. A claimant who chooses to send the claim by mail, such as Wing, could request a return receipt from the post office to determine the exact date of the Department's receipt of the claim. A claimant also could contact the

5

Department by telephone, letter, or email to inquire about the Department's receipt of the claim. Nothing in § 2-9-301, MCA, requires Wing or any other person of common intelligence to guess at when the 120-day tolling period commences under the statute. We conclude that § 2-9-301, MCA, is not unconstitutionally vague.

¶16 *Whether the District Court properly applied the three-year statute of limitations in granting the State's motion for summary judgment.*

¶17 Wing argues that the District Court erred in two ways in calculating the 120-day tolling period. Wing argues first that the court improperly applied M. R. Civ. P. 6(a) to calculate the 120-day tolling period. She contends that the calculation method under M. R. Civ. P. 6(a) should not be used to reduce any days remaining under the statute of limitations. Wing next argues that the court should have started the tolling period from the day that she mailed the claim rather than the day that the Department received the claim.

¶18 The parties agree that the three-year time limit provided for in § 27-2-204, MCA, applies to Wing's complaint, and that the statute of limitations governing her action would have expired on April 27, 2004. The parties also agree that § 2-9-301, MCA, tolled the statute of limitations for a period of 120 days once the Department received Wing's claim. We review for correctness, therefore, the court's legal conclusion that the statute of limitations barred Wing's claim against the State. *Gulf Insurance Co.*, ¶ 13.

¶19 Wing sent notice of her claim to the Department on April 23, 2004. The Department received the claim on April 26, 2004, thereby triggering the 120-day tolling period under § 2-9-301, MCA. *See also Gomez v. State*, 1999 MT 67, ¶ 12, 293 Mont.

531, ¶ 12, 975 P.2d 1258, ¶ 12. M. R. Civ. P. 6(a) provides the proper method for computing any period of time prescribed by "any applicable statute." We do not count "the day of the act, event, or default" after which the time period begins to run. M. R. Civ. P. 6(a).

¶20 The Department's receipt of Wing's claim on April 26, 2004, constituted the day of the act after which the 120-day tolling period began to run. The first day of the 120-day tolling period began on April 27, 2004—the same day that the three-year statute of limitations would have expired in Wing's action. The 120-day tolling period lasted through August 24, 2004. We count August 24, 2004, as being within the tolling period. M. R. Civ. P. 6(a). The statute of limitations period resumed, therefore, on August 25, 2004.

¶21 The statute of limitations expired at the end of August 25, 2004, because Wing had only one day left on the three-year statute of limitations when the Department received her claim. The Department's receipt of Wing's claim triggered the 120-day tolling period. Wing filed her complaint in District Court one day too late, on August 26, 2004. We conclude that the District Court's determination that the three-year statute of limitations barred Wing's complaint was legally correct.

¶22 We turn now to Wing's claim that the tolling period should have started on the day that she mailed her claim rather than the day that the Department received her claim. As stated above, the plain language of § 2-9-301, MCA, compels the court to start the tolling period from the time that the Department receives the claim. *See also Gomez*, ¶ 12 (applying the 120-day tolling period from the date the Department receives the claim).

7

Moreover, applying the tolling period from the date Wing mailed the claim would not change the outcome in this case. The calculation method would have produced the same result—that the statute of limitations expired on August 25, 2004.

¶23    Affirmed.


/S/ BRIAN MORRIS


We Concur:


/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE