DA 06-0485

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 324

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

THOMAS RONALD KNUDSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twelfth Judicial District,
In and For the County of Chouteau, Cause No. DC-05-18
Honorable David Rice, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Jim Wheelis, Chief Appellate Defender, Helena, Montana

      For Appellee:

      Honorable Mike McGrath, Attorney General; Mark W. Mattioli,
Assistant Attorney General, Helena, Montana

      Stephen A. Gannon, County Attorney, Fort Benton, Montana

Submitted on Briefs:  October 24, 2007

Decided:  December 11, 2007

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Thomas Knudson, a registered sex offender, was charged with failing to report his change of address as required by § 46-23-505, MCA (2005). He moved to dismiss the charges against him. The District Court denied his motion; he now appeals. We reverse and remand.

¶2     We restate the issue as follows:

¶3     Did the District Court err in denying Thomas Knudson's motion to dismiss?

## BACKGROUND

¶4     Knudson pled guilty to a felony charge of sexual intercourse without consent and two misdemeanor charges of drug possession. He received a five-year sentence, with all but thirty days suspended. As a condition of his suspended sentence, the District Court ordered Knudson to register as a sexual offender in compliance with the Sexual or Violent Offender Registration Act ("the Act"), Title 46, Chapter 23, Part 5, MCA (2005), "and [to] give appropriate notice of any address change."

¶5     Following his release from custody in 2002, Knudson moved into his father's house in Fort Benton. All mail in Fort Benton is delivered to post office boxes. Knudson's street address is 1301 Front Street, but his official mailing address is P. O. Box 56. When Knudson first registered with the sheriff's department, as required by the Act, he gave P. O. Box 56 as his address.

¶6     The Act simply states that offenders must provide their "address," and fails to specify whether a mailing or residential address is required. The State did not inform Knudson that his registration was invalid nor ask him for a residential address.

2

¶7 In September 2005, Knudson began spending more time at his girlfriend's house. Kim Cooke, Knudson's girlfriend, resided at 905-1/2 Main Street in Fort Benton, about five blocks away from Knudson's father's house. Ken Knudson, Thomas's father, set up the utilities for the Main Street apartment in his name since neither Thomas nor Kim could open an account with Northwestern Energy. Northwestern's records show that Thomas paid the electric bill at 905-1/2 Main Street from September 2005 to March 2006.

¶8 Thomas moved a few of his personal effects, including a chair, a spare bed, and his pet ferret, from his father's house to Cooke's house. However, Thomas maintained a room at his father's house and occasionally slept there. Thomas did not change his mailing address and thus continued to receive mail at P. O. Box 56. At trial, Ken Knudson testified that he took calls for his son and that he saw Thomas once a day.

¶9 On December 2, 2005, the Chouteau County Attorney filed an Information charging Knudson with violating § 46-23-505, MCA (2005), for failing to "register in Chouteau County, Montana within ten days of changing his address in Chouteau County for the purposes of residing." The State claimed Knudson should have re-registered using Cooke's residential address. Knudson moved to dismiss the charges, arguing that since his mailing address did not change, his registration was still current under § 46-23-505, MCA (2005). He further argued that since the term "address" was not defined in the Act, § 46-23-505, MCA (2005), is unconstitutionally vague on its face and as applied to him.

¶10 The District Court denied Knudson's motion to dismiss. Knudson now appeals.

## STANDARD OF REVIEW

¶11    A district court's denial of a motion to dismiss in a criminal case is a question of law which we review de novo. *State v. Pyette*, 2007 MT 119, ¶ 11, 337 Mont. 265, ¶ 11, 159 P.3d 232, ¶ 11. We review a district court's conclusions of law for correctness. *Pyette*, ¶ 11.

¶12    Statutes enjoy a presumption of constitutionality. *Wing v. State Ex Rel. Dept. of Transp.*, 2007 MT 72, ¶ 12, 336 Mont. 423, ¶ 12, 155 P.3d 1224, ¶ 12. The person challenging a statute's constitutionality bears the burden of proving it unconstitutional beyond a reasonable doubt. *Wing*, ¶ 12. The constitutionality of a statute is a question of law. *State v. Stanko*, 1998 MT 321, ¶ 14, 292 Mont. 192, ¶ 14, 974 P.2d 1132, ¶ 14. We review the district court's application of the Constitution to determine if it is correct. *Stanko*, ¶ 14. Our review of constitutional questions is plenary. *Wing*, ¶ 9.

## DISCUSSION

¶13    **Did the District Court err in denying Knudson's motion to dismiss, and in finding that § 46-23-505, MCA (2005), was not unconstitutionally vague?**

¶14    Knudson argues that § 46-23-505, MCA (2005), is unconstitutionally vague on its face, and as applied to him, because the word "address" is ambiguous. Section 46-23-505, MCA (2005), provides in relevant part:

> If an offender required to register under this part has a change of address, the offender shall within 10 days of the change give written notification of the new address to the agency with whom the offender last registered or, if the offender was initially registered under 46-23-504(1)(b), to the department and to the chief of police of the municipality or sheriff of the county from which the offender is moving.

4

Knudson maintains the term "address" has more than one generally accepted meaning: it could refer to either a mailing address or a residential address. Knudson argues that since the Act does not define "address," the statute is unconstitutionally vague on its face. Knudson also asserts that the statute is unconstitutional as applied to him, because the State did not inform him that the mailing address that he provided in 2002 did not satisfy the statutory requirements.

¶15 The State replies that when § 46-23-505, MCA (2005), is read as part of the Act as a whole, it is clear that the Legislature intended the word "address" to mean "residential address." Since the Act's purpose is to keep track of the whereabouts of sex offenders, the State argues, Knudson should have known he was required to provide a residential address. Thus, the State concludes, Knudson's as-applied challenge must fail. Further, the State argues, Knudson lacks standing to bring a facial challenge to the statute because § 46-23-505, MCA (2005), was reasonably clear in its application to Knudson's conduct. As such, the State asserts, we should decline to consider his facial challenge.

¶16 Vagueness challenges to statutes may take two different forms: (1) "facial," where the statute is so vague that it is void on its face, and (2) "as-applied," where the statute is unconstitutional as applied to the facts of a particular situation. *Stanko*, ¶ 17. As described above, Knudson raises both facial and as-applied challenges to § 46-23-505, MCA (2005). Because we conclude that the statute is unconstitutional as applied to Knudson, we need not reach the question of whether the statute is facially invalid.

¶17 <u>Is § 46-23-505, MCA (2005), vague as applied to Knudson?</u>

5

¶18 A criminal statute is unconstitutionally vague if "a person is required to speculate as to whether his contemplated course of action may be subject to criminal penalties." *State v. Mainwaring*, 2007 MT 14, ¶ 18, 335 Mont. 322, ¶ 18, 151 P.3d 53, ¶ 18 (citation omitted). Both the United States Constitution and the Montana Constitution protect against vague statutes which infringe upon a citizen's right to due process. U.S. Const. amend. XIV, § 1; Mont. Const. art. II, § 17. The void for vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983).

¶19 Relying on the United States Supreme Court's reasoning in *Kolender*, we developed a two-part test to determine whether a statute is unconstitutional as applied to a particular situation. *State v. Dixon*, 2000 MT 82, ¶ 27, 299 Mont. 165, ¶ 27, 998 P.2d 544, ¶ 27 (citations omitted). First, we consider whether actual notice was given to citizens. *Dixon*, ¶ 27. Second, we ask whether the statute contains minimal guidelines sufficient to govern law enforcement. *Dixon*, ¶ 27.

¶20 *1. Does § 46-23-505, MCA (2005), provide Knudson with actual notice that his conduct was proscribed?*

¶21 In the context of an as-applied challenge, we determine whether a statute provides constitutionally adequate notice by examining the statute "in light of the conduct with which the defendant is charged in order to determine whether the defendant could have reasonably understood that his conduct was proscribed." *Dixon*, ¶ 28. In the instant case,

6

then, the question is whether Knudson could have reasonably understood that his conduct was proscribed.

¶22 Since the Act does not define the term "address," we look to the ordinary meaning of the word. *Fandrich v. Capital Ford Lincoln Mercury*, 272 Mont. 425, 430, 901 P.2d 112, 115 (relying on the ordinary definition of a word that was not specifically defined in a statute). As the District Court pointed out, the word "address" has multiple generally accepted meanings. *Black's Law Dictionary* notes the possible ambiguity in the term, defining address as the "[p]lace where mail or other communications will reach [a] person . . . . Generally a place of business or residence; though it need not be." *Black's Law Dictionary* 38 (6th ed., West 1990). For most Montanans, one's residential and mailing addresses are the same. However, when those two addresses differ, it is unclear from the face of the statute which of the two an offender should provide.

¶23 If the plain words of a statute are ambiguous, then we interpret the statute according to the intent of the Legislature. *Jordan v. State*, 2007 MT 165, ¶ 8, 338 Mont. 113, ¶ 8, 162 P.3d 863, ¶ 8 (citation omitted). The word "address" is ambiguous, because it has more than one generally accepted meaning. Thus we turn to the legislative history of the statute to attempt to discern the Legislature's intent. In 1997, § 46-23-505, MCA, read:

> If an offender required to register under this part changes residence, the offender shall within 10 days of the change give written notification of the new address to the agency with whom the offender last registered. The agency shall, within 3 days after receipt of the new address, forward it to the department of justice, which shall forward a copy of the new address and photograph to the sheriff having jurisdiction over the new place of

7

residence and to the chief of police of the municipality of the new place of residence if the new place of residence is in a municipality.

In 2005, the Legislature amended this section to replace the word "residence" with the word "address." Since the State claims Knudson violated the Act on November 22, 2005, § 46-23-505, MCA (2005), applies here.

¶24 Unfortunately, the legislative history of this amendment does not shed much light on the Legislature's decision to replace the word "residence" with the word "address." The Senate committee meeting minutes reflect that one of the purposes of the 2005 amendment is to clarify the Act's change of address requirements. Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. 7 (Mar. 14, 2005). Specifically, the amendment requires offenders to register their change of address with both the Department of Corrections and the local sheriff or chief of police. Mont. Sen. Jud. Comm., *Hearing on HB 49*, 2005 Reg. Sess. 8-9 (Mar. 14, 2005). However, neither the House nor the Senate Judiciary Committee meeting minutes discuss why the amended version of the bill uses the word "address" instead of "residence."

¶25 The very fact that the Legislature chose to replace the word "residence" with "address" undermines the District Court's conclusion that "address" could only mean "residential address." Given the ambiguity inherent in the wording of the 2005 amendment, and the multiple generally accepted meanings of the word "address," we conclude that the statute failed to provide Knudson with actual notice that a mailing address would be insufficient for purposes of registering under the Act. Knudson could

not have known the State expected him to provide a residential address when he registered.

¶26  *2. Does § 46-23-505, MCA (2005), provide minimal guidelines sufficient to govern law enforcement?*

¶27  Under this second prong of the as-applied vagueness inquiry, we consider whether the legislature established minimal guidelines sufficient to govern the enforcement of the statute. We have held that:

> [L]aws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

*Dixon*, ¶ 30 (citations omitted). Thus, the question before us is "whether the law provides sufficient guidelines to prevent arbitrary and discriminatory enforcement" with regard to Knudson's conduct. *Dixon*, ¶ 31.

¶28  When Knudson was first released from custody, he used his father's mailing address to register. Neither the sheriff nor the Department of Corrections informed Knudson that a mailing address was insufficient for registration purposes. Knudson relied on the assumption that he was in compliance with the Act's requirements for more than two years. Knudson never changed his mailing address. Yet, in December 2005, the State charged Knudson with a violation of the Act for failing to update his residential address, though his mailing address remained the same.

¶29  If Knudson's mailing address sufficed for purposes of registration under the Act in February 2002, then it must suffice for purposes of registration in November 2005. The

9

State's action in charging Knudson for failing to register under the Act is arbitrary and discriminatory. If Knudson violated the Act by providing a mailing address instead of a residential one, the State should have notified him when he first registered in 2002.

## CONCLUSION

¶30   In conclusion, § 46-23-505, MCA (2005), is vague as applied to Knudson's particular circumstances. Our holding is limited to the unique facts of this case; Knudson had two addresses: an official mailing address recognized by the United States government, and an unofficial residential address. The statute's text does not require Knudson to register using a residential address. Knudson registered using his official mailing address; neither the sheriff nor the Department of Corrections told Knudson that his registration was not in compliance with the Act. Knudson did not have actual notice, from either the statute or the officials enforcing it, that a mailing address was insufficient. In this case, the State's enforcement of the Act was arbitrary and discriminatory. Because the Act is unconstitutional as applied to the facts of Knudson's case, we conclude the District Court abused its discretion by denying Knudson's motion to dismiss. We reverse and remand for further proceedings consistent with this opinion.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

10

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER

Justice John Warner did not participate.

Justice Jim Rice dissenting.

¶31 Section 46-23-505, MCA (2005), is neither vague on its face nor as applied to Knudson. While the word "address" may, under certain circumstances, have more than one generally accepted meaning, in the context of the Act it clearly has only one, and Knudson was on notice from the day he registered that the only appropriate meaning of the word "address" was his residential address.

¶32 When read as a whole, the 2005 version of the Act clearly intended the word "address" to mean a registrant's residential address. The Legislature's minor change in the wording of § 46-23-505, MCA, clearly did not represent a change in the requirements of that statute. As the State points out, a registrant's residence is a pervasive theme throughout the Act, appearing in at least four places in the statutory text. *See* § 46-23-503(2)(a), MCA (2005) (referring to "the address at which the offender intends to reside upon release . . ."); § 46-23-504(c), MCA (2005) (imposing a duty to promptly register upon entering a county "for the purpose of residing or setting up a temporary domicile . . ."); § 46-23-506(3), MCA (2005) (providing for relief from lifetime registration for certain offenders by filing a petition in the judicial district where the registrant "resides");

11

§ 46-23-509(4), MCA (2005) (permitting Level 2 offenders to petition for change in designation in the judicial district where the registrant "resides"). In contrast, nothing in the Act indicates a desire by the Legislature to enable authorities to track a registrant's mailing address, and common sense dictates that such is clearly not a purpose of the Act. Rather, a "reasonable person of average intelligence" can comprehend § 46-23-505, MCA (2005), to require a residential address, not a mailing address, for purposes of informing authorities and the public of the locations in which registered sex offenders are residing.

¶33 To say that Knudson "did not have actual notice, from either the statute or the officials enforcing it, that a mailing address was insufficient[,]" is simply not the case. When Knudson was released from custody, he was required to register with the sheriff's department pursuant to § 46-23-503, MCA (2001). At that time, Knudson was required to notify the sheriff's department of the "address" at which he intended to "reside." Section 45-23-503(2)(a), MCA (2001). There is nothing unclear about that requirement. Nonetheless, he failed to do that, instead providing his father's mailing address. Though regrettable, it is irrelevant that the sheriff's department's nonfeasance led him to believe a mailing address was sufficient. Simply because the sheriff's department erroneously accepted his mailing address does not mean that providing his mailing address "sufficed." Knudson's mailing address did not suffice in February 2002, and it did not suffice in November 2005.

¶34 Nor do such circumstances justify this Court's exercise of its constitutional power of judicial review to declare the Act unconstitutional as applied here. Indeed, the

meaning of "address" aside, the statute in effect at the time Knudson registered in 2002, and even when Knudson began living with his girlfriend in September 2005, required Knudson to notify the sheriff if he "changes residence." Section 45-23-505, MCA (2001); § 45-23-505, MCA (2003). Thus, Knudson was on statutory notice, for three years before the statute was amended and until shortly before he was charged, that providing his mailing address was insufficient to meet the requirements of the Act. He changed residences, but failed to notify authorities.

¶35 For the foregoing reasons, I would affirm the District Court's conclusion that § 46-23-505, MCA (2005), is not unconstitutionally vague.


/S/ JIM RICE


Justice Brian Morris joins in the dissenting opinion of Justice Rice.


/S/ BRIAN MORRIS