JUSTICE NELSON,
dissenting.
¶40 I would affirm the District Court’s decision in every respect. However, because this case is being remanded, and because the Court has not reached the constitutional issues, Opinion, ¶ 28, those vagueness issues can again be considered and disposed of on remand. ¶41 That said, I simply cannot agree with the Court’s conclusion that Headapohl’s incinerating toilet meets the definition of “wastewater treatment and disposal system.” Opinion, ¶ 34. This determination is, at best, preposterous. The toilet is electric; it is not plumbed into the sewage disposal system, nor does it empty into the ground. Rather, the toilet disposes of solid and liquid human waste by electrical incineration. The end result of the toilet’s operation is nothing but ash, which is disposed of (according to the toilet’s instructions) by putting the ash into a garbage can. The Court’s conclusion is akin to equating a restroom hand air-dryer with a dispenser of paper towels.
¶42 More to the point, that the administrative regulations at issue here can be interpreted to reach the result that the Court reaches in Issue 3 speaks volumes about vagueness. Penal statutes-and, presumably, administrative regulations-must be written “ ‘with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.’ ” State v. Knudson, 2007 MT 324, ¶ 18, 340 Mont. 167, 174 P.3d 469 (quoting Kolender v. Lawson, 461 U.S. 352, 357, 103 S. Ct. 1855, 1858 (1983)). The administrative regulations at issue in this case fail on both counts. I refuse to believe that any ordinary citizen would conclude that an electric, incinerating toilet violates the Missoula City-County Health Code because it is a “wastewater treatment and disposal system.” Indeed, upon being so advised, I expect that most ordinary citizens would consider themselves to be the butt of a bad joke.
¶43 The District Court got it right, and its decision should be affirmed. I dissent from this Court’s contrary holding.