DA 11-0274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 54N

MAX KOEMANS,

Plaintiff, Appellee, and Cross-Appellant.

v.

JERRY DURGERIAN, ANN DURGERIAN,
JOHN DOES 1-5, and ABC CORP.,

Defendants and Appellants.

v.

APPEAL FROM: District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 09-225
Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Court E. Ball; Towe, Ball, Enright, Mackey & Sommerfeld, PLLP, Billings,
Montana

For Appellee:

Christopher W. Froines, Geiszler & Froines, P.C., Missoula, Montana

Submitted on Briefs: February 15, 2012
Decided: March 7, 2012

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellants Jerry and Ann Durgerian (Durgerians) appeal from the District Court's order that granted summary judgment to Appellee/Cross-Appellant Max Koemans (Koemans) relating to Durgerians' efforts to collect on an installment contract and from the District Court's findings of facts and conclusions of law and order that quieted title to Koemans in certain real property located in Arlee, Montana. Koemans cross-appeals the District Court's order denying him any share of income generated from a California partnership between Koemans and Durgerians. We affirm.

¶3 Koemans apparently met Durgerians in California when he was a young man. Koemans performed a variety of work at the Durgerians' businesses over the years. Both parties seemed to benefit from this arrangement.

¶4 Koemans and Durgerians entered into a partnership arrangement in 1994. The partnership, D-K Enterprises, purchased commercial property in El Monte, California, for a price of $1.5 million. Durgerians apparently contributed $175,000 to the partnership. This amount corresponds with the amount that Koemans attested to owing to Durgerians in a document that he executed on May 12, 1995. Koemans did not contribute any money to the partnership, but the partnership arrangement nevertheless provided that Koemans and

2

Durgerians each would possess one vote in the "management and decision making" of the partnership.

¶5 The commercial property in El Monte proved profitable to Durgerians. They recorded in Los Angeles County, California, a grant deed on March 26, 1999, that conveyed title of the El Monte property from D-K Enterprises to Durgerians. Durgerians claim to have "dissociated" Koemans from the partnership based upon his failure to make any payments to the partnership. Durgerians sold the El Monte property for $2.6 million which resulted in a net profit of approximately $1.1 million. Durgerians did not share any of the profits from the sale of the El Monte property with Koemans.

¶6 Durgerians further claimed to have loaned Koemans money over the years. In particular, they point to a 1994 promissory note in the amount of $200,000 and a 1994 installment contract in the amount of $251,000. Koemans made a single $10,000 payment in 1994 on the promissory note. He had made no further payments on either debt and he alleges that Durgerians made no request for payment.

¶7 Koemans eventually purchased four parcels of real property in Arlee, Montana. One of these parcels contains a house in which Koemans lives. Durgerians alleged that Koemans executed quit claim deeds on August 21, 1996, for all four Arlee parcels in favor of Durgerians to serve as collateral for the debts incurred through Koemans's various loans. Koemans admitted to having executed the quit claim deeds, but claims that the parties agreed that Durgerians would not record the deeds. Durgerians soon recorded the deeds, however, in Lake County, Montana, on September 30, 1996. They eventually sold three of the four

Arlee parcels for a profit of approximately $186,000. Koemans claims that Durgerians never notified him of the sales and never shared any of the proceeds with him.

¶8 Koemans filed an action in Lake County to quiet title in his name to the remaining Arlee parcel. Durgerians filed a counter-claim to quiet title in their name and added claims relating to the $200,000 promissory note and the $251,000 installment note. Koemans raised the statute of limitations as an affirmative defense to Durgerians' claim on the $251,000 installment note. The District Court granted Koemans's motion for partial summary judgment with respect to the $251,000 installment note based upon the expiration of the eight-year statute of limitations period contained in § 27-2-202, MCA, for actions pursuant to a contract.

¶9 The case proceeded to a bench trial on the remaining claims. The District Court entered findings of facts and conclusions of law and an order in favor of Koemans. With respect to the $200,000 promissory note, the court noted that Durgerians improperly had sold the three Arlee parcels for a profit of $186,000 without notifying Koemans of the sale or providing any of the proceeds to Koemans. The court offset this amount from the $200,000 liability of the note. The court also offset the single $10,000 payment that Koemans had made in June 1994 to satisfy the debt. The court refused, however, to allow Durgerians to recover the remaining $4,000 as a sanction for their actions in selling improperly the three Arlee parcels. The District Court quieted title in Koemans's name to the remaining Arlee parcel.

4

¶10    With respect to D-K Enterprises, the court determined that Koemans had never contributed any money to the partnership and thus, was not entitled to any of the proceeds from the sale of the El Monte property. The court awarded Koemans $998 in costs of the litigation. Durgerians appeal and Koemans cross-appeals.

¶11    Durgerians argue on appeal the court improperly granted summary judgment on the installment note as they filed a claim on the note before the expiration of the equitable statute of limitations in light of the optional acceleration clause of the note. Durgerians contend that they had not exercised the right to accelerate payments before the 2006 maturity date and thus the time period for filing the suit had not begun to run until 2006. Durgerians also alleged that the District Court improperly denied any recovery on the remaining $4,000 on the promissory note and that the District Court improperly failed to take into account interest accrued on the note. Durgerians further argue the court improperly denied their claim of an equitable mortgage on the Arlee property. Koemans argues on his cross-appeal that the court improperly denied him 50% of the sale proceeds from the El Monte commercial property.

¶12    We review de novo a district court's grant of summary judgment by using the same standard applied by the district court as set forth in M. R. Civ. P. 56. *Wing v. State*, 2007 MT 72, ¶ 9, 336 Mont. 423, 155 P.3d 1224. We review the record to determine whether substantial evidence supports a district court's findings of fact. *JTL Group, Inc. v. New Outlook, LLP*, 2010 MT 1, ¶ 30, 355 Mont. 1, 223 P.3d 912. We review for correctness a district court's conclusions of law. *JTL Group, Inc.*, ¶ 9. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended

5

in 2006, that provide for memorandum opinions.  It is manifest on the face of the briefs and the record before us that substantial evidence in the record supports the District Court's findings and that the District Court correctly applied the law to these findings.

¶13     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE