FILED

04/04/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0629

DA 14-0629

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 77N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TISHA ANN BRUNELL,

      Defendant and Appellant.

APPEAL FROM:     District Court of the Third Judicial District,
In and For the County of Deer Lodge, Cause No. DC-2013-07
Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C.,
Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Jonathan M. Krauss,
Assistant Attorney General, Helena, Montana

          Ben Krakowka, Deer Lodge County Attorney, Anaconda, Montana

Submitted on Briefs: March 8, 2017

Decided: April 4, 2017

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Tisha Ann Brunell (Brunell) appeals from the order of the Third Judicial District Court, Deer Lodge County, denying her motions to dismiss.  In 2013, the State filed an information charging Brunell with multiple counts of Sexual Intercourse Without Consent (SIWC), Transfer of Illegal Articles, and Unauthorized Communications with a Detained Person, arising from her conduct with two inmates of the Sanction, Treatment, Assessment, Revocation & Transition (START) program.  Tisha was employed as a nurse at the program.

¶3     In February 2014, Brunell filed motions to dismiss, arguing that the State charged her under unconstitutionally vague statutes.  The District Court denied her motions and, in March 2014, a jury convicted Brunell of two counts of SIWC, three counts of Transfer of Illegal Articles, and forty-two counts of Unauthorized Communications with a Detained Person.  On August 6, 2014, the District Court sentenced Brunell to: 1) two concurrent twenty-five year sentences at the Montana Women's Prison, each with ten years suspended for the SIWC charges; 2) three thirteen-month terms at the prison, all concurrent with the SIWC sentences, for the Transfer of Illegal Articles charges; and 3)

2

ten days in the Anaconda-Deer Lodge County Jail on each of the forty-two unlawful communications charges. Brunell now appeals the District Court's denial of her motions to dismiss.

¶4 This Court reviews the denial of a motion to dismiss in a criminal case de novo. *State v. Dugan*, 2013 MT 38, ¶ 13, 369 Mont. 39, 303 P.3d 755. Statutes are presumed to be constitutional. A party challenging a statute's constitutionality must establish, "beyond a reasonable doubt, that the statute is unconstitutional, and any doubt must be resolved in favor of the statute." *State v. Michaud*, 2008 MT 88, ¶ 15, 342 Mont. 244, 180 P.3d 636. The constitutionality of a statute is a question of law, which we review for correctness. *State v. Knudson*, 2007 MT 324, ¶ 12, 340 Mont. 167, 174 P.3d 469.

¶5 Brunell first argues that the District Court erred in denying her motion to dismiss the unauthorized communications charges because the underlying statute is unconstitutionally vague, both on its face and as applied. We have previously stated that:

> The void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. Although the doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of the vagueness doctrine "is not actual notice, but the other principal element of the doctrine-the requirement that a legislature establish minimal guidelines to govern law enforcement." Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections."

*State v. Dixon*, 2000 MT 82, ¶ 27, 299 Mont. 165, 998 P.2d 544 (quoting *State v. Stanko*, 1998 MT 321, ¶ 21, 292 Mont. 192, 974 P.2d 1132) (citations omitted). The

unauthorized communications statue provides that "[a] person commits the offense of unauthorized communication if the person knowingly or purposely communicates with a person subject to official detention without the consent of the person in charge of the official detention." Section 45-7-307(2)(a), MCA.

¶6 Brunell argues that § 45-7-307(2)(a), MCA, is unconstitutional on its face because it fails to give a person of ordinary intelligence fair notice that her contemplated conduct is forbidden. The District Court found that Brunell did not have standing to raise a facial vagueness challenge because her conduct was clearly proscribed by statute. We agree with the District Court. This Court has held that "if the challenged statute is reasonably clear in its application to the conduct of the person bringing the challenge, it cannot be stricken on its face for vagueness." *State v. Lilburn*, 265 Mont. 258, 270, 875 P.2d 1036, 1044 (1994). In this case, Brunell engaged in several calls with START inmates and did not obtain the express or implied consent of anyone in charge of START to make or receive such calls. Thus, Brunell lacks standing to bring a facial vagueness challenge because, regardless of the content of her communications with the inmates, Brunell's conduct was unquestionably proscribed by § 45-7-307(2)(a), MCA.

¶7 Brunell also argues that § 45-7-307(2)(a), MCA is unconstitutionally vague as applied to her. "[A] void for vagueness analysis has two elements: (1) actual notice to citizens; and (2) minimal guidelines to govern law enforcement." *Dixon*, ¶ 27. Regarding the first element, "we must determine whether the statute gives a person of ordinary intelligence fair notice that their contemplated conduct is forbidden." *Dixon*, ¶ 28. "A statute challenged for vagueness as applied to a particular defendant must be

4

examined in light of the conduct with which the defendant is charged in order to determine whether the defendant could have reasonably understood that his conduct was proscribed." *Dixon*, ¶ 28.

¶8     In this case, the District Court found that § 45-7-307(2)(a), MCA, was not void for vagueness as applied to Brunell because she could have reasonably understood that taking calls from START inmates, and then discussing sex and smuggling contraband, was proscribed by § 45-7-307(2)(a), MCA.   We agree with the District Court and conclude that Brunell could have reasonably understood that her conduct was proscribed by statute especially given that, as the State explains, Brunell should have been familiar with her duties as a START nurse and her employer's policies prohibiting communication with inmates outside of her professional role.  We also agree with the District Court's finding that the statute provides sufficient minimal guidelines to prevent arbitrary and discriminatory enforcement because the statute consists of the readily understood terms "communicate" and "consent."   As such, because Brunell's unauthorized telephone calls with the START inmates were clearly forbidden by the statute, we conclude that § 45-7-307(2)(a), MCA, is not void for vagueness as applied to Brunell.

¶9     Finally, Brunell contends that the District Court erred in denying her motion to dismiss the SIWC charges because the phrase "supervisory or disciplinary authority over the victim" renders Montana's statutory definition "without consent" unconstitutionally vague as applied to her.  The District Court looked to the ordinary meaning of the words and found the phrase unambiguous: specifically, the court found that "a person in a

5

position of 'supervisory or disciplinary authority' is one who is an employee, contractor, or volunteer of the supervising authority and has the power to reprimand or discipline, or have others reprimand or discipline the victim."

¶10 To address Brunell's argument, we again turn to the two-part void for vagueness as applied test set forth above. Under § 45-5-501(1)(a)(ii)(E), MCA, the term "without consent" means:

> (ii) subject to subsections (1)(b) and (1)(c), the victim is incapable of consent because the victim is:
>
> .   .   .
>
> (E) incarcerated in an adult or juvenile correctional, detention, or treatment facility or is on probation or parole and the perpetrator is an employee, contractor, or volunteer of the supervising authority and has *supervisory or disciplinary authority* over the victim, unless the act is part of a lawful search.

Section 45-5-501(1)(a)(ii)(E), MCA (emphasis added). We agree with the District Court's plain language interpretation of the phrase "supervisory or disciplinary authority." As such, we conclude that Brunell had actual notice that her conduct was prohibited because she could have reasonably understood that, under § 45-5-501(1)(a)(ii)(E), MCA, she had authority over the START inmates, thus making them legally incapable of consenting to sexual intercourse with her. We also agree with the District Court's determination that the statute provides minimal guidelines to govern law enforcement because the statute plainly "precludes a person who is (1) an employee, contractor, or volunteer of a supervising authority and (2) has the power to reprimand or discipline, or have others reprimand or discipline an inmate from engaging in sexual

6

intercourse with an inmate." Thus, we conclude that § 45-5-501(1)(a)(ii)(E), MCA, is not unconstitutionally vague as applied to Brunell.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law was correct.

¶12 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE