No. 00-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 141

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL BRITTON,

Defendant and Appellant.

APPEAL FROM: District Court of the Fifth Judicial District,

In and for the County of Jefferson,

The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Eric Rasmusson, Attorney at Law, Boulder, Montana

For Respondent:

Joseph P. Mazurek, Attorney General; Micheal S. Wellenstein,

Assistant Attorney General, Helena, Montana

Valerie D. Wilson, Jefferson County Attorney; Leonard J. Haxby,

Deputy County Attorney, Boulder, Montana

Submitted on Briefs: January 11, 2001

Decided: August 2, 2001

Filed:

_____

Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Michael Britton moved to dismiss hunting license-related charges against him in Jefferson County Justice Court on the basis that Montana's residency laws are so vague as to violate due process. After his motion was denied, Britton pled guilty to two counts of swearing and affirming to a false statement to obtain a Montana resident hunting license in violation of § 87-2-106, MCA, reserving the right to appeal to the Fifth Judicial District Court, Jefferson County, on his challenge to the residency laws. The Justice Court sentenced Britton and he appealed.

¶2 In the District Court, Britton again moved to dismiss the charges on vagueness grounds. At the hearing on his motion, Britton's counsel represented that Britton had registered to vote in Montana, obtained a Montana identification card, licensed his vehicle in Montana, and his wife had purchased real property in Jefferson County, Montana, on which they were building a residence. Britton neither testified nor filed his own affidavit. His argument was that § 87-2-102, MCA (1995), is vague because other Montana statutes define residency differently for purposes such as voting, dissolution of marriage, college attendance and taxation. The District Court rejected Britton's argument, determining that the fish and game residency requirements are neither vague nor ambiguous, and affirmed Britton's Justice Court conviction. Britton appeals to this Court and we affirm.

¶3 Did the District Court err in concluding that the residency requirements for obtaining a resident hunting license set forth at § 87-2-102, MCA (1995), are not facially unconstitutional on vagueness grounds?

¶4 Statutes are presumed constitutional and a party challenging the constitutionality of a statute bears the burden of proving, beyond a reasonable doubt, that the statute is unconstitutional. *State v. Stanko*, 1998 MT 321, ¶¶ 15-16, 292 Mont. 192, ¶¶ 15-16, 974 P.2d 1132, ¶¶ 15-16 (citations omitted). We review a district court's constitutional

conclusions as we do other conclusions of law--to determine whether they are correct. *MEIC v. Dept. of Env. Quality*, 1999 MT 248, ¶ 40, 296 Mont. 207, ¶ 40, 988 P.2d 1236, ¶ 40 (citation omitted).

¶5 A statute may be challenged as violative of the right to due process for its vagueness on two different bases: (1) the statute is so vague that it is void on its face; or (2) the statute is vague as applied in a particular situation. *Stanko*, ¶ 17 (citations omitted). Although Britton does not clearly state which basis he is claiming, he cites to the standards for facial vagueness and does not set forth an "as applied" argument.

¶6 The void-for-vagueness doctrine requires that a criminal statute define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 909. A vague law delegates basic policy matters to law enforcement officers, judges, and juries, for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application. *Grayned v. City of Rockford* (1972), 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2299, 33 L.Ed.2d 222, 227.

¶7 Section 87-2-102, MCA (1995), sets forth the criteria for "determining a resident for the purpose of issuing resident fishing, hunting, and trapping licenses[.]" It contains eight subsections, some of which have several subpoints, addressing the means by which members of the armed forces, students, job corps enrollees, unmarried minors and other individuals can meet the residency requirements for the referenced licenses. Section 87-2-102(1) through (8), MCA (1995). In addition, subsection (9) of § 87-2-102, MCA (1995), defines when "a person is not considered a resident."

¶8 Britton does not claim that the words or terms used in § 87-2-102, MCA (1995), are vague. Nor does he claim that, when viewed alone, § 87-2-102, MCA (1995), is void for vagueness.

¶9 Britton does assert that Montana's various residency statutes, taken as a group, are void for vagueness. He points out that residency is defined in approximately seven different ways under Montana statutes and administrative rules. Section 1-1-215, MCA, provides general rules for determining residence. Section 13-1-112, MCA, sets forth rules for determining residency pertaining to voter registration. Section 18-1-103, MCA, addresses residence for purposes of bidding on public contracts. Section 61-3-712, MCA, defines

"legal residence" for purposes of motor vehicle registration. Section 87-2-102, MCA (1995), defines residency for purposes of issuance of fishing, hunting, and trapping licenses. Finally, the administrative rule for determining residency for taxation purposes appears at Rule 42.15.102, A.R.M.

¶10 Relying on the general principles regarding vagueness challenges set forth in *Stanko*, ¶¶ 21-23, Britton asserts the existence of these various statutory definitions of residency may confuse a person of ordinary intelligence and operate as a trap for the innocent. He does not argue--and, indeed, could not successfully argue--that our decision in *Stanko* holding Montana's "reasonable and prudent" speed statute as unconstitutionally vague controls the outcome of this case involving a number of definitional statutes on residency. Nor does Britton advance any authority under which a statute has been declared void for vagueness on similar grounds. As a result, we address only briefly the statutes Britton argues are, when taken together, unconstitutionally vague.

¶11 Section 1-1-215, MCA, Montana's general residency statute, provides "[i]f a person claims a residence within Montana for any purpose, then that location is the person's residence for all purposes unless there is a specific statutory exception." Section 1-1-215 (2), MCA. "[U]nless there is a specific statutory exception" sounds a clear warning that other residency requirements or definitions may apply to particular circumstances, and § 87-2-102, MCA (1995), clearly provides a specific statutory exception to the general definition of residence for purposes of obtaining a Montana fishing, hunting, or trapping license.

¶12 In addition, other statutory residency provisions to which Britton refers clearly provide that they are for specific acts or purposes other than obtaining a hunting license. Section 13-1-112, MCA, states, "*[f]or registration, voting, or seeking election to the legislature*, the residence of an individual must be determined . . . ." (Emphasis added.) Section 18-1-103, MCA, states "*[f]or the purpose of 18-1-102, 18-1-111, and this section* [all dealing with bidders for public contracts], the word 'resident' includes . . . ." (Emphasis added.) Section 61-3-712, MCA, specifically provides that its definition of "legal residence" applies only as used "in § 61-3-711 through § 61-3-733" (regarding state registration of motor vehicle fleets). It strains credulity to suggest that a person of ordinary intelligence would be confused into believing that any of these statutes define residency for the purpose of obtaining a resident hunting license. Moreover, § 87-2-102, MCA (1995), could not state more clearly that its provisions apply in "determining a resident for the purpose of issuing resident fishing, hunting, and trapping licenses[.]"

¶13 Finally, Britton asserts one could be lulled into believing one had met the residency requirements for a hunting license because the residency requirements for a driver's license had been met. This argument is specious. The printed language on Britton's hunting licenses and tags states, immediately above the space for the licensee's signature, "I declare that I am a legal resident of Montana for Fish and Game Licensing purposes, as defined in Section 87-2-102, M.C.A."

¶14 We conclude Britton has failed to establish that the residency requirements for obtaining a resident hunting license set forth in § 87-2-102, MCA (1995), are facially unconstitutional on vagueness grounds. We hold, therefore, that the District Court did not err in denying his motion to dismiss on that basis.

¶15 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART
