

DA 10-0282

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 18

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RICHARD STEPHEN PEARROW,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                In and For the County of Gallatin, Cause No. DC 08-337A
                Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Joseph P. Howard, Attorney at Law, Great Falls, Montana

      For Appellee:

          Steve Bullock, Montana Attorney General, Jonathan M. Krauss, Assistant
          Attorney General, Helena, Montana

          Mary Lambert, Gallatin County Attorney, Ashley Whipple, Deputy
          County Attorney, Bozeman, Montana

Submitted on Briefs:  December 8, 2010

Decided:  February 14, 2011

Filed:

_____
                      Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1    Richard Pearrow appeals an order of the District Court for the Eighteenth Judicial District, Gallatin County, finding him guilty of failing to register as a sexual offender. We affirm.

¶2    Pearrow raises two issues on appeal:

¶3    1.    Whether the District Court erred in denying Pearrow's motion to dismiss the Information on the grounds that the statutes requiring sexual offenders to register are unconstitutionally vague as applied to Pearrow.

¶4    2.    Whether the District Court erred in denying Pearrow's motion to dismiss the Information on the grounds that the statutes requiring sexual offenders to register violated Pearrow's substantive due process rights.

### Factual and Procedural Background

¶5    Pearrow was convicted of a sexual offense in the State of Florida in January 2000. He subsequently moved to Belgrade, Montana. In February 2006, Pearrow went to the Bozeman Police Department and signed a Montana Department of Justice Sexual and Violent Offender Registration Form (the Registration Form) in compliance with Montana's Sexual or Violent Offender Registration Act (the Act) (Title 46, chapter 23, part 5, MCA). On the Registration Form, Pearrow indicated that his physical address was 510 Yellowstone Avenue, Belgrade, Montana.

¶6    The second page of the Registration Form states at the top: "Unless otherwise noted, the following statements reflect the requirements as stated in the Montana Codes

Annotated, 46-23-501 et. al." The Registration Form then sets forth ten statements Pearrow was required to read and initial, including the following:

> *I must give written notice within 10 days of changing my address*[1] to the agency with which I last registered. A Post Office box address is not sufficient unless a physical address is also provided or, if no physical address is available, complete directions to my place of residence. [Emphasis added.]

In addition, at the bottom of the second page of the Registration Form, directly above Pearrow's signature, is the following statement: "I understand my duty to register and that failure to do so is a criminal offense."

¶7 Pearrow's employment requires extensive travel. He contracts for three international seminar companies and gives computer workshops all over the country and sometimes overseas. He is not required to notify law enforcement when he is traveling for business.

¶8 Pearrow ended his residence at the 510 Yellowstone Avenue address on or about November 6, 2008. On November 17, 2008, Pearrow began renting a space for his RV at the Meridian RV Resort in Apache Junction, Arizona. Six days later, on November 23, 2008, Pearrow wrote a letter to the Belgrade Police Department informing them of a change in his living situation. Pearrow stated in his letter that since he traveled extensively for business, it did not make sense to pay rent on a residence he rarely used. Therefore, he had terminated his rental agreement for the Yellowstone Avenue apartment. Pearrow also disclosed that his new address was for the Belgrade UPS store,

---

[1] This Registration Form was based on § 46-23-505, MCA (2005). This statute was amended in 2007 to provide for registration *in person* within *three business days* of a change of *residence.*

3

which would forward his mail to him periodically. Pearrow stated that he would maintain his car, RV, and business registration in Montana. He did not, however, disclose that he was currently living in Arizona in his RV.

¶9 Upon receipt of Pearrow's letter, Officer Dave Keen with the Belgrade Police Department sent an e-mail to Dawn Spencer at the Montana Department of Justice stating the circumstances as outlined by Pearrow in his letter and inquiring whether Pearrow needed to register as a transient under the Act. After further investigation by Montana law enforcement officials revealed that Pearrow was living in Arizona in his RV and not in Belgrade, the State filed an Information charging Pearrow with knowingly failing to keep his sexual offender registration current. The Information, filed on December 24, 2008, charged Pearrow with violating § 46-23-507, MCA. Pearrow moved to dismiss the Information on the basis that (1) the Affidavit of Probable Cause submitted by the State in support of its Motion for Leave to File Information was insufficient to establish the probable cause necessary to grant leave to file the Information, and (2) the statute requiring him to update his sexual offender registration upon his change of residence was unconstitutionally vague as applied to his situation.

¶10 The District Court held a hearing on Pearrow's motion on July 28, 2009, after which the court denied the motion. Pearrow subsequently pled *nolo contendere* to felony failure to register as a sexual offender in violation of § 46-23-507, MCA. The District Court sentenced him to a two-year commitment to the Department of Corrections, all suspended with conditions; designated him a Level I sexual offender; and required him to register as a sexual offender according to statute.

4

¶11 Pearrow does not challenge any part of his sentence on appeal. Rather, he challenges the constitutionality of § 46-23-507, MCA, claiming that it is unconstitutionally vague as applied to him because it failed to inform him that the requirement to provide a "physical address" (as specified in the Registration Form, but not in the statute) could not be met by providing the physical address of a business from which he rented a mail box. He also challenges the constitutionality of § 46-23-504, MCA, on the grounds that it violates his right to substantive due process.

**Discussion**

¶12 Notwithstanding the fact that a good portion of Pearrow's complaint is actually with the language in the Registration Form and not the statutes, thereby making his constitutionality arguments ineffective, we conclude that the dispositive issue in this case is whether Pearrow filed his change of address in a timely manner.

¶13 At the time Pearrow signed the Registration Form in 2006, § 46-23-505, MCA (2005), provided the following:

> If an offender required to register under this part has a change of address, *the offender shall within 10 days of the change give written notification* of the new address to the agency with whom the offender last registered or, if the offender was initially registered under 46-23-504(1)(b), to the department and to the chief of police of the municipality or sheriff of the county from which the offender is moving. [Emphasis added.]

Consequently, the Registration Form also provided that Pearrow must give written notice within ten days of changing his address. In 2007, § 46-23-505, MCA, was amended to provide that *within three business days* of a change of *residence*, an offender must *appear in person* and give notification of the change to the registration agency with whom the

offender last registered.  And, § 46-23-507, MCA, the actual penalty statute under which Pearrow was charged, has provided since 1997 without amendment, that a sexual or violent offender is in violation of the Act if the offender knowingly fails to register, verify registration, or keep registration current.

¶14    Although there is some disagreement between Pearrow and the State as to which version of § 46-23-505, MCA, should apply in this case, that question is moot as Pearrow did not comply with either version of this statute.  As already indicated, Pearrow ended his residence at the 510 Yellowstone Avenue address on or about November 6, 2008.  He did not notify the Belgrade Police Department of his change of address until 17 days later when on November 23, 2008, he sent them a letter informing them of the change.  The Belgrade Police Department did not actually receive Pearrow's letter until December 3, 2008, almost a month after Pearrow departed the Yellowstone Avenue address.

¶15    While a statute need not provide "perfect clarity and precise guidance," it must at least give a person fair notice that his conduct is forbidden.  *State v. Samples*, 2008 MT 416, ¶ 17, 347 Mont. 292, 198 P.3d 803 (quoting *State v. Leeson*, 2003 MT 354, ¶¶ 11, 15, 319 Mont. 1, 82 P.3d 16).  We conclude that Pearrow had fair notice in this case. Whether Pearrow was required to appear in person within three business days to file his change of residence as required by § 46-23-505, MCA (2007), or file a change of address in writing within ten days as required by § 46-23-505, MCA (2005), Pearrow was certainly on notice that he had to do something regarding his departure from his registered address in Belgrade within at least ten days.  Because he failed to take any action toward updating his sexual offender registration until 17 days after departing the

6

Yellowstone Avenue address, he was in violation of § 46-23-507, MCA, for failing to keep his registration current.

¶16 The Dissent maintains that Pearrow did not actually change his address until he began renting a space for his RV. Thus, the Dissent concludes that because Pearrow *sent* a letter to the Belgrade Police Department within six days of signing that lease, he complied with the statute. There are two problems with this contention.

¶17 First, contrary to the Dissent's claim that the change of address did not take place until Pearrow signed the lease for the RV space, we held in *Samples* that the date an offender ceases to reside at his previously registered location is the date he changed his address. *Samples*, ¶ 20. Second, the Dissent implies that *mailing* a change of address within ten days is sufficient to satisfy the Registration Form and § 46-23-505, MCA (2005). While we make no representation here whether the 2005 version or the 2007 version of § 46-23-505, MCA, is applicable in this case, we point out that both the Registration Form and § 46-23-505, MCA (2005), provide that an offender must "give" written notification "within" ten days. *Webster's New American Dictionary* 221 (Smithmark 1995), defines the word "give" to mean to "deliver" or "to put into the possession or keeping of another." Even if we were to use the date Pearrow signed the lease on the RV space to begin the calculation of the ten-day time period, Pearrow did not "deliver" to or "put into the possession or keeping" of the Belgrade Police Department his change of address "within" ten days. Pearrow signed the lease on November 17, 2008, and the Belgrade Police Department did not receive the change of address until 16 days later, on December 3, 2008.

7

¶18    On a final note, the Dissent points out that "Pearrow represented in his letter to the Department that his legal research had led him to the conclusion that the Belgrade address constituted a legal street address." Dissent, ¶ 26. It is unfortunate that Pearrow's legal research did not also lead him to the conclusion that § 46-23-505, MCA, was amended in 2007 to provide that a change of address must be made in person within three business days.

¶19    Accordingly, we hold that the District Court did not err in finding Pearrow guilty of failing to register as a sexual offender.

¶20    Affirmed.

                                                    /S/ JAMES C. NELSON


We Concur:

/S/ MIKE McGRATH
/S/ BRIAN MORRIS
/S/ JIM RICE




Justice Patricia O. Cotter dissents.

¶21    I dissent.

¶22    First, I would conclude the District Court erred in applying the 2007 law to Pearrow. When he went to the Bozeman Police Department to register in 2006, Pearrow signed a Registration Form obligating him to comply with 11 specific conditions, including the obligation from the 2005 statute to give written notice within 10 days of a

8

change of address. Included on the Registration Form was the advisement that he would receive an address verification letter from the Department of Justice once a year, which he must sign and return. This annual verification is required under § 46-23-504, MCA (2005) and (2007). It is therefore evident that the State keeps at least annual tabs on registrants. Despite this capability and legal requirement, nothing in the record reflects that the State ever informed Pearrow of the significant change in the relocation notice requirement under the 2007 law, which effectively negated the instructions and obligations to which Pearrow committed in 2006. Yet, Pearrow was prosecuted under the 2007 law, of which he had no notice.

¶23 A person is presumed to know the law of Montana, and will not normally be relieved of criminal liability for failure to comply with it. *State v. G'Stohl*, 2010 MT 7, ¶ 14, 355 Mont. 43, 223 P.3d 926. However, here, the State went so far as to expressly *lay out the law for Pearrow* in the Registration Form he was obligated to read, commit to, and sign. Respectfully, where the State undertakes to direct a person to follow a specific set of legal instructions, it should not be later allowed to prosecute that person for failure to follow a new set of instructions of which he has no notice. This is akin to the State or a court changing the specific written conditions of a defendant's probation without advising him, and then revoking the defendant's probation for failure to follow the undisclosed conditions. It is a blatant denial of due process. Notwithstanding the express retroactivity clause attendant to the sexual registration statutory revisions (Compiler's Comments, Section 31, Ch. 483, L. 2007), I would hold that the District Court should

have applied the 2005 statute to Pearrow because—quite simply—that is the law the State specifically directed him to follow.

¶24 I turn now to the Court's Opinion. While not ever resolving the question of whether the 2005 or 2007 version of § 46-23-507, MCA, should apply, the Court concludes that—whatever the case—Pearrow was on notice that "he had to do something regarding his departure from his registered address in Belgrade within at least ten days," Opinion, ¶ 15, and that he failed to do so. I respectfully disagree. Pearrow's Registration Form advised him that he must "give written notice within 10 days of changing my address." Opinion, ¶ 6. Pearrow fully complied with this obligation.

¶25 As the Court notes, Pearrow changed his address on November 17, 2008, when he began renting a space for his RV in Apache Junction, Arizona. Opinion, ¶ 8. Six days later, he wrote a letter to the Belgrade Police Department, informing it of his change of address. While he may have vacated his Belgrade address on November 6, 2008, Pearrow was at liberty to travel for business without notifying law enforcement. Opinion, ¶ 7. Further, there is no dispute that Pearrow did not commence living at a different address until he signed the lease at the RV Park on November 17. It is this date that the change of address took place, and the Court is therefore wrong to task Pearrow with failing to notify the Department within 10 days of November 6. Pearrow gave written notice within 6 days of changing his address, as the Registration Form and the 2005 statute instructed.

¶26 Pearrow advised the Belgrade Police Department in his letter that the Belgrade UPS Store would forward his mail to him, and indeed, the record reflects that the police

10

had no problem securing the address of the Arizona RV Park from the UPS Store. Pearrow represented in his letter to the Department that his legal research had led him to the conclusion that the Belgrade address constituted a legal street address. He then concluded his letter to the Department as follows: "If there is any information you need, please contact me. I hope this covers all of the bases for my registration, and satisfies all of the laws that I am bound to until this mark is removed from my past."

¶27 A sexual offender who knowingly fails to keep his registration current is subject to a felony conviction. Section 46-23-507, MCA (2005) and (2007). I submit that the undisputed facts here demonstrate that Pearrow *did not* "knowingly" fail to keep his registration current; in fact, he complied with the letter of the directions he was given, and on top of that, offered to do anything additional he could do to make sure his registration was lawful.

¶28 Where, as here, an individual does everything he can to ensure compliance with the law, he should not be rewarded with a rush to a felony conviction. In my judgment, this prosecution was heavy-handed and devoid of due process. I would reverse Pearrow's conviction, and I dissent from our refusal to do so.

/S/ PATRICIA COTTER

Justice Michael E Wheat joins the Dissent of Justice Patricia O. Cotter.

/S/ MICHAEL E WHEAT

11