DA 14-0042

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 228N

JESSE MONTAGNA,

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Appellee.


APPEAL FROM:    District Court of the Third Judicial District,
                     In and For the County of Powell, Cause No. DV-13-20
                     Honorable Ray Dayton, Presiding Judge


COUNSEL OF RECORD:

        For Appellant:

                Jesse Montagna, self-represented, Billings, Montana

        For Appellee:

                Timothy C. Fox, Montana Attorney General, C. Mark Fowler, Assistant
                Attorney General, Helena, Montana

                Lewis K. Smith, Powell County Attorney, Deer Lodge, Montana


                               Submitted on Briefs: July 30, 2014
                                     Decided: August 19, 2014

Filed:

                          _____
                                 Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Jesse Montagna appeals from an order of the Third Judicial District Court, Powell County, denying his petition for relief from the duty to register as a violent offender. We affirm.

¶3 Montagna raises five issues on appeal. First, he claims a felony conviction from another state does not trigger the lifetime registration requirement under § 46-23-506(2)(b), MCA. Second, he claims he cannot be required to register because his conviction of a violent offense was pursuant to a plea agreement. Third, he claims the Sexual or Violent Offender Registration Act (SVORA) is unconstitutionally vague because it does not adequately define the term "residence." Fourth, he claims the District Court was without jurisdiction to hear his petition. Finally, he claims these errors constituted a denial of due process.

¶4 Montagna was convicted of robbery with a deadly weapon in Maryland in 1993. He discharged his sentence for that offense in 1997. In 2000, he was convicted in Florida of felony possession of cocaine. He was later incarcerated at the Montana State Prison (MSP) for a felony DUI conviction. Officials at MSP informed Montagna he was required to register as a violent offender. On March 5, 2013, while incarcerated at MSP, Montagna filed a petition in the Powell County District Court for relief from the duty to register. The

2

District Court denied his petition, finding that his conviction of felony possession of cocaine within ten years of his conviction of robbery with a deadly weapon triggered the lifetime registration requirement under § 46-23-506(2)(b), MCA.

¶5     We review a district court's decision to grant or deny a petition for relief from the duty to register for abuse of discretion. *Langford v. State*, 2013 MT 265, ¶ 10, 372 Mont. 14, 309 P.3d 993. A district court abuses its discretion when it acts arbitrarily, without employment of conscientious judgment, or exceeds the bounds of reason, resulting in substantial injustice. *Langford*, ¶ 10. Our review of constitutional issues is plenary. *State v. Samples*, 2008 MT 416, ¶ 14, 347 Mont. 292, 198 P.3d 803.

¶6     SVORA applies retroactively to "violent offenders who are sentenced by a state or federal court in any state on or after October 1, 1995, or who as a result of a sentence are under the supervision of a county, state, or federal agency in any state on or after October 1, 1995." *Laws of Montana* (2001), ch. 152, § 1. A violent offender is a person who has been convicted of a violent offense, including robbery. Section 46-23-502(10), (13)(a), MCA. A person convicted in another state of an offense reasonably equivalent to a violent offense under Montana law is also considered a violent offender. Section 46-23-502(10), (13)(b), MCA. A violent offender must remain registered for ten years after his or her release. Section 46-23-506(2)(a), MCA.

¶7     Montagna was under the supervision of the State of Maryland until 1997. He was convicted under Maryland law of robbery with a deadly weapon, which is the reasonable equivalent of the offense of robbery under Montana law. *Compare Williams v. Maryland*, 490 A.2d 1277, 1280 (Md. 1985) (defining common law robbery as "the felonious taking

3

and carrying away of the personal property of another from his person by the use of violence or by putting in fear"), *with* § 45-5-401, MCA (defining statutory robbery as inflicting bodily injury or putting any person in fear of bodily injury in the course of committing a theft). Therefore, Montagna was required to register for ten years after discharging his sentence. Section 46-23-506(2)(a), MCA. Montagna claims this requirement cannot be applied to him, because his Maryland conviction was the result of a plea agreement, and he did not agree to be bound by the duty to register under Montana law. A contract binds no one but the contracting parties. *Gambles v. Perdue*, 175 Mont. 112, 115, 572 P.2d 1241, 1243 (1977). The State of Montana was not a party to the plea agreement between Montagna and the State of Maryland, and therefore the State of Montana is not bound by that agreement.

¶8      If a violent offender is convicted of a felony during the ten-year registration period, he or she must register for life. Section 46-23-506(2)(b), MCA. A violent offender may petition the district court of the district in which he or she resides for relief from the duty to register. Section 46-23-506(3)(b), MCA. The district court may grant the petition if it finds the offender has remained a law-abiding citizen, continued registration is not necessary for public protection, and relief from registration is in the best interests of society. Section 46-23-506(3)(b), MCA.

¶9      Montagna was convicted of felony possession of cocaine in Florida three years after discharging his sentence in Maryland. The conviction of a felony within ten years of discharging his sentence for a violent offense triggered the lifetime registration requirement. Section 46-23-506(2)(b), MCA. Montagna claims § 46-23-506(2)(b), MCA, does not specifically include felonies committed "in another state." The statute provides that an

4

offender convicted of "a felony" during the ten-year registration period is required to register for life. The statute does not state that the felony must be committed "in Montana" or "under Montana law." Undisputedly, Montagna was convicted of "a felony." Section 46-23-506(2)(b), MCA, is therefore applicable.

¶10 A petition for relief from the duty to register may be filed in the district court in which the offender resides. Section 46-23-506(3), MCA. Montagna claims "residence" is vaguely defined, and therefore the SVORA is unconstitutional. "Residence" is defined as "the location at which a person regularly resides, regardless of the number of days or nights spent at that location, that can be located by a street address, including a house, apartment building, motel, hotel, or recreational or other vehicle." Section 46-23-502(7), MCA. The definition need not provide "perfect clarity," but must be sufficiently definite that it can be understood by ordinary people. *Samples*, ¶ 17. A regular residence that can be located by a street address is a sufficiently definite description that can be understood by ordinary people. The SVORA is not unconstitutionally vague. *State v. Pearrow*, 2011 MT 18, ¶ 15, 359 Mont. 177, 248 P.3d 799; *Samples*, ¶ 19.

¶11 Montagna also claims that due to the vague definition of "residence," the Powell County District Court did not have jurisdiction to hear his petition because it is unclear where he "resides." At the time of his petition, Montagna was incarcerated at the MSP, which is located within Powell County. Moreover, by filing his petition in the Powell County District Court, Montagna voluntarily submitted to its jurisdiction. *Spencer v. Ukra*, 246 Mont. 430, 432-33, 804 P.2d 380, 382 (1991).

¶12 Montagna claims the errors he has alleged constitute a violation of his right of due process. The District Court thoroughly considered Montagna's petition, even requesting additional briefing before issuing its written order. He was given an opportunity to be heard, and his due process rights were not violated. Moreover, there was no error in the application of the SVORA in this case. Montagna was incarcerated at the time of his petition, and therefore the District Court could not have found that he remained a law-abiding citizen. Section 46-23-506(3)(b), MCA. The District Court did not abuse its discretion when it denied Montagna's petition for relief from the duty to register.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are controlled by settled Montana law, which the District Court correctly interpreted. There clearly was not an abuse of discretion.

¶14 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE