FILED

October 21 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 14-0176

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 284N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

KENNETH ANTHONY ALLEN,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 84-6774
Honorable Ed McLean, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Kenneth Anthony Allen, self-represented, Deer Lodge, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
Attorney General, Helena, Montana

          Fred R. Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  October 1, 2014
Decided:  October 21, 2014

Filed:

                            Clerk

Justice Patricia Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     On September 24, 1984, in Cause No. DC 84-6774, Kenneth Anthony Allen (Allen) pled guilty to robbery, aggravated kidnapping, and sexual intercourse without consent and was subsequently sentenced to a 40-year term of incarceration in the Montana State Prison. According to the State, Allen discharged his sentence under Cause No. DC 84-6774 in March 2011; however, Allen continues to serve a 25-year consecutive sentence imposed following a conviction for mitigated deliberate homicide committed during the 1991 prison riot. Allen has been denied parole in 2004, 2009, and 2012. His discharge date is set for 2025.

¶3     In 2004, the Department of Corrections (DOC) performed a risk assessment of Allen, which indicated that Allen was a high risk to reoffend. Based upon this determination, the DOC designated Allen as a level 3 sexual offender.

¶4     On November 12, 2013, Allen filed a "Motion for Nunc Pro Tunc" with the Fourth Judicial District Court in Missoula County contending that his due process rights had been violated by the DOC's designation determination. On February 24, 2014, the District Court denied Allen's motion concluding that he had adequate opportunities to challenge his designation at his parole hearings. This appeal follows.

2

¶5      Allen, on his own behalf, argues that the District Court erred in denying his Motion for Nunc Pro Tunc (which appears to seek an order striking the DOC tier designation). Allen, allegedly unaware of his DOC designation until 2012, asserts that his right to due process was violated by the DOC level 3 sexual offender designation because the DOC "did not give [him] a hearing to argue against the designation." Furthermore, Allen argues that the Parole Board is not the appropriate venue to object to his designation because it lacks the authority to change his designation.

¶6      The State first argues that Allen's argument is moot in that his claim arose under Cause No. 84-6774, a sentence that was discharged in March 2011. Alternatively, the State argues that the level 3 sexual offender designation Allen received in prison is utilized to assess his risk while in prison and is not used to determine Allen's tier level for purposes of registration upon release, pursuant to § 46-23-509, MCA, of the Sexual or Violent Offender Registration Act (SVORA). Therefore, the State maintains that Allen's claim is not ripe for review.

¶7      This Court exercises de novo plenary review of a district court's decision on constitutional issues. *State v. Pound*, 2014 MT 143, ¶ 20, 375 Mont. 241, 326 P.3d 422. Issues of justiciability, including mootness and ripeness, are questions of law which are reviewed de novo. *Reichert v. State*, 2012 MT 111, ¶ 20, 365 Mont. 92, 278 P.3d 455.

¶8      The Montana Legislature adopted the SVORA offender tier level designation in 1997. For those sexual offenders sentenced prior to October 1, 1997, without an assignment of a tier level designation by the sentencing court, the DOC "shall designate the offender as level 1, 2, or 3 *when the offender is released from confinement*." Section 46-23-509(5),

MCA (emphasis added). Upon release, all offenders, regardless of level designation, must register with law enforcement officials and update their registration in the event of a change of address. Sections 46-23-504 and -505, MCA. The duration of registration depends upon the tier level designation. Section 46-23-506, MCA.[1]

¶9 Allen insists that he is entitled to the same due process rights that were afforded to the appellant in *State v. Samples*, 2008 MT 416, 347 Mont. 292, 198 P.3d 803. In that case, Samples discharged his sentence and, upon release into the community, was designated a level 3 sexual offender by the DOC pursuant to the SVORA. *Samples*, ¶ 9. Samples was not provided notice of or information about his level 3 designation nor was he presented with an opportunity to contest the designation. *Samples*, ¶ 9. This Court held that "there is a liberty interest at stake when a person is designated as a particular risk level under the [SVORA]." *Samples*, ¶ 34.

¶10 Allen's reliance on *Samples* is misplaced. Here, Allen remains confined in the Montana State Prison, so the "liberty interest" articulated in *Samples* has yet to be triggered. Moreover, the DOC's preliminary tier designation assessment cannot be used to assign Allen's level for purposes of registration under the SVORA. As the State represents, the SVORA assessment will be made once Allen is discharged from confinement, and at that time Allen will have full due process rights, including the right to contest the designation. In the meantime, because Allen remains incarcerated and is not presently burdened by the DOC tier level designation, his claim is not ripe for review.

---

[1] For example, a level 3 sexual offender must register for the remainder of the offender's life and is obligated to complete registration verification every 90 days with the appropriate law

¶11    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We conclude that the District Court did not err in denying Allen's Motion for Nunc Pro Tunc. We therefore affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE
/S/ MICHAEL E WHEAT

---

enforcement agency.  Sections 46-23-504 and -506, MCA.